**CITY OF MERIDIAN, Appellant,**

v.

**SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellee.**

No. 17100.

United States Court of Appeals
Fifth Circuit.

June 9, 1958.

Petitions for Rehearing Denied
Aug. 5, 1958.

**84**

Lester E. Wills, Thos. Y. Minniece, George M. Ethridge, Jr., Meridian, Miss., for appellant.

George H. Butler, Jr., Robert C. Cannada, Charles B. Snow, Jackson, Miss., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., O. Winston Cameron, Meridian, Miss., John A. Boykin, Jr., Atlanta, Ga., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by appellee against the City of Meridian under Sec. 2201, 28 U.S.C., the suit was for a declaratory judgment that Sec. 5(e) of House Bill 123, Chapter 372, Mississippi Laws of 1956, insofar as it requires plaintiff to pay two percent of the monthly service charges within its boundaries as compensation for use of its streets, alleys, and other public places, was unconstitutional and invalid.

The claim was:

1. That the plaintiff holds a perpetual and irrevocable grant from the State of Mississippi to use and occupy all highways and streets in the City of Meridian, Mississippi, without paying compensation therefor; that this grant is a contract which is protected under the contract clauses of the State and Federal Constitutions, Const.1890, § 16; U.S. Const. art. 1, § 10, and which cannot be impaired by the imposition of additional burdens such as the exaction of compensation. We, of course, recognize the right of the City to make reasonable regulations under the police power.

2. That insofar as the statute relied upon by the City (Sec. 5(e) Chapter 372, Mississippi Laws of 1956) requires plaintiff to pay compensation to the City for the use of the streets, said statute constitutes an unconstitutional attempt to impair the obligations of the contract between plaintiff and the State of Mississippi.

Appellant filed an answer and counter-claim, admitting the enactment of

Chapter 38 of the Mississippi Laws of 1886 and the construction, extension and expansion of the telephone plant and facilities of the appellee's predecessors in title subsequent to the enactment of said Chapter 38, but denying that this extension or expansion was conducted under Chapter 38 of the Mississippi Laws of 1886, and denying that Chapter 38 of the Mississippi Laws of 1886 constituted an offer of a franchise. Appellant further denied that appellee succeeded to any rights under Chapter 38 of the Mississippi Laws of 1886. It, however, admitted that it was seeking to collect two percent of appellee's monthly service charges in said municipality. Defendant's counter-claim asked that appellee be required to discover the amount of its monthly service charges in the City of Meridian for the period from March 29, 1956, through December 31, 1956, and subsequent thereto during the pendency of this action, and that judgment be rendered against appellee for two percent of the total of said service charges.

Upon the issues thus drawn by the pleadings, the case was tried to the court without a jury on stipulations of fact and documentary evidence, and at the conclusion of the trial the district judge, making and filing an opinion, Southern Bell Telephone & Telegraph Co. v. City of Meridian, D.C., 154 F.Supp. 736, in which he set out the uncontroverted facts and canvassed and discussed the applicable decisions upon which he based his determination, entered judgment [1] for plaintiff and the City appealed.

Here, stating:

"There is essentially only one question involved in this case, to-wit, whether or not Chapter 38 of the Mississippi Laws of 1886 constituted an offer by the State of Mississippi which, when accepted, resulted in a contract between the State and the telephone companies accepting the offer which cannot be impaired by subsequent legislation, and whether or not appellee is entitled to succeed to any right under said Chapter 38."

appellant assigns a single error, that the district judge erred in granting plaintiff the declaratory judgment as prayed and in denying the defendant's counter claim for a decree requiring appellant to discover the amount of its monthly service charges and to pay appellant two percent of the total of such charges. Beginning its argument with the statement:

1. "This cause came on this day to be heard on evidence submitted to the Court and briefs of counsel, and the Court having heard and considered the same doth order, adjudge, decree and declare as follows:

"1. That Chapter 38, Mississippi Laws of 1886, constituted an offer by the State of Mississippi which was accepted by the acts of Southern Bell Telephone and Telegraph Company and its predecessors in title by the continued maintenance, construction, extension and expansion of telephone facilities on and along the public highways and streets of the State continuously during each and every year subsequent thereto to date.

"2. That this offer and acceptance resulted in a contract by virtue of which Southern Bell Telephone and Telegraph Company acquired a vested right to use all present and future highways and streets of the State of Mississippi for the purpose of constructing and maintaining its telephone lines and communication facilities without payment of compensation therefor; and Southern Bell Telephone and Telegraph Company holds a valid and subsisting perpetual and irrevocable grant from the State of Mississippi for the use and occupancy of all the highways, streets, and roads of Mississippi, including municipal streets, without paying compensation therefor.

"3. That Chapter 372, Mississippi Laws of 1956, is beyond the power of the Legislature of the State of Mississippi and in conflict with the Constitution of the State of Mississippi and the Constitution of the United States, if it be construed as applicable to or undertaking to authorize a municipality to impose a charge upon Southern Bell Telephone and Telegraph Company for the continued and future use of municipal streets.

"4. All costs in this cause having been paid or provided for, no provision therefor is made in this order.

"Ordered and Adjudged this 14th day of Sept., 1957."

"All of the facts in this case are stipulated and there is no dispute about such facts, although there may be differences of opinion as to the inferences to be drawn therefrom. The stipulated facts consist largely of a history of the telephone companies within the State of Mississippi from the establishment in this state to date, insofar as such history is now available."

and setting out the history in its brief, appellant, discussing under seven numbered points, each extensively argued, the claimed errors of the district judge and assailing his opinion and order as without support in fact and in law, thus concludes its lengthy and detailed brief:

"We submit that the history of the enactment of Chapter 38 of the Mississippi Laws of 1886 definitely rules out any idea that the legislature of Mississippi intended by that chapter to offer the grant of an irrevocable, perpetual franchise to telephone companies taking advantage of the act. We submit further that this history shows without any equivocation that the purpose of that act was simply to reenact legislation giving telegraph companies the right of eminent domain. That in the course of the passage of that act through the legislature telephone companies were included in the act so that they also would have the right of eminent domain. The fact that the appellee has been unable to present one shred of evidence to show that any claim was ever made to such a statewide franchise prior to 1929—although there were two litigated cases involving such rights—indicates clearly that appellee's predecessors in title did not interpret this law as giving them such a statewide franchise. We submit further that, if such a franchise were intended, their right to claim such a franchise, has now been lost by the actions of appellee's predecessors in title. The facts in this case distinguish it from all of the report-

ed cases holding that particular legislation was the offer of an irrevocable perpetual franchise.

"The effect of the decision of the learned district judge is not limited to the City of Meridian. It involves the birthright of all citizens of the State of Mississippi and of untold future generations. We earnestly urge the court to study carefully the history of this legislation and the actions of the parties thereunder. We sincerely believe that if that is done, the court will arrive at the same conclusion to which we have arrived—that no such irrevocable, perpetual franchise ever existed, and that, even if it did, it has been long ago lost by the actions of appellee's predecessors in title. Therefore, the judgment of the district court should be reversed, the complaint of appellee dismissed with prejudice and judgment awarded appellant on its counter claim."

Appellee, on its part, agreeing with appellant that there is no issue of fact in this case, and stating:

"Before taking up our particular reply to appellant's brief, we believe that it will clarify the issue for us to present the contentions which were submitted to and sustained by the court below."

puts forward as a basis for them, Point One of its own:

"The Mississippi Act of 1886, contained an offer which, when accepted by the plaintiff, resulted in a contract between the State and the plaintiff which cannot be impaired by subsequent legislation."

In general support of this point and of its contention that the opinion and decision of the district judge were correct and should be affirmed, appellee thus states and argues its position:

"It is our position that the offer contained in the Act of 1886 was accepted by the plaintiff's predecessors, and that when that offer was accepted it resulted in a contract

which cannot be impaired by the imposition of additional burdens such as the exaction of compensation.

"It is admitted in the answer and stipulated in the record that both the Great Southern Telephone and Telegraph Company and the Cumberland Telephone and Telegraph Company were operating in the State of Mississippi prior to 1886, and during each and every year since 1886, those two companies and Southern Bell have continued to construct, maintain, operate and expand and extend their plant and facilities throughout the state.

"The following propositions of law, which were sustained by the lower court, have been firmly established by judicial decisions of the United States Supreme Court, other federal courts, and state courts:

"(1) The Legislature of Mississippi in 1886 had plenary control over all highways and streets of the state, whether within or without municipalities, and the Act of 1886 was an offer to telephone and telegraph companies of the right to make use of all such highways and streets for the purpose of providing the citizens of this state with telephone service. This right was granted without any requirement of paying compensation to either municipalities or the state. The companies were already operating in the state, obviously on a small scale—the industry was in its infancy—the legislature wanted the industry to expand—note the title to the Act, page 8, supra.

"(2) That the continued maintenance of poles and lines and other facilities after 1886, as well as the continued construction, expansion, and extension of such lines on the public streets of Meridian and other streets and highways throughout the State of Mississippi constituted an acceptance by the telephone company and its predecessors of the offer of the right to use all streets and highways which was contained in the 1886 Act.

"(3) That these acts of acceptance resulted in the creation of a perpetual and irrevocable contract between the Telephone Company, on the one hand, and the State of Mississippi, on the other, which contract right is protected from impairment by the provisions contained in both the Federal and State Constitutions prohibiting the impairment of the obligation of contracts.

"(4) The imposition upon appellee of an obligation to pay two percent of its monthly service charges as compensation for the use of the streets of Meridian constitutes an unlawful attempt to violate the obligations of a contract which was created and has been in existence for more than seventy years, and is therefore violative of the constitutional prohibitions. It would place an additional burden on the vested rights of the plaintiff.

"The various arguments advanced by appellant in its brief were argued at great length to the district court. The court, after giving consideration to all these contentions, and after reviewing the circumstances and conditions which existed at the time of the passage of the 1886 Act, concluded that the Act extended an invitation and offer which, when accepted, resulted in a contract which is protected not only by the Federal Constitution but by the State Constitution of Mississippi as well."

Upon a careful examination of the briefs and arguments in the light of the record made below, we find that they present nothing for our consideration that was not presented to, and considered by, the district judge, with whose judgment and with the reasons given for it in his thoughtful and thorough opinion, we find ourselves in full agreement. We conclude, therefore, that no useful purpose would be served by our rediscussing at length all the contentions of the parties and redeclaring as to them the views

declared by him. In addition to announcing our general agreement with the opinion and the result, it will, we think, be sufficient for us to write briefly on one or two of the contentions made and strongly relied on by appellant as to which we think something in addition may well be said.

■ Of these contentions, the one most strongly urged by appellant is that, since in the Hodges opinion [Hodges v. Western Union Tel. Co.], 72 Misc. 910, 18 So. at page 84, 29 L.R.A. 770, the court stated of the Act of 1886:

"It is a permissive statute. What it grants is a mere license, revocable by the state. [City of St. Louis v. Western Union Tel. Co.] 148 U.S. [92], 102, 13 S.Ct. 485 [37 L.Ed. 380]."

this constitutes a binding decision against the conclusion of the district judge that the statute constituted, beyond the power of the state to impair, an offer which, when accepted, became a binding contract. In our view this contention is without merit because, considered in itself, the language above quoted is dicta, stated merely arguendo and as a make weight and not in decision of any point at issue in the case. More important, however, if the statement could be considered decisional, if in short, though the issue was not raised in the case the court was intending to and did decide that rights conferred by the statute of 1886 . upon those accepting under it could be taken away or impaired by subsequent legislation, appellant can take no comfort from such a decision. For, under the federal decisions cited and relied on by the court below, the offer of the statute when accepted became a contract beyond the reach of state impairment by either legislative or judicial action, and any decision of the Mississippi Supreme Court must yield to the decisions of the Supreme Court of the United States to the contrary. Though, as clearly pointed out in the brief of appellee, a different Mississippi statute and a different Mississippi constitution are involved in Willmut

Gas & Oil Co. v. Covington County, 221 Miss. 613, 71 So.2d 184, and there are other reasons for distinguishing the decision in that case, the same general considerations which deprive the Hodges case of authority here deprive that case of authority. There the court held that, while the county could not prevent the use of the 16th Section lands there involved, it could under the particular language of the act, construed in the light of the Mississippi Constitution of 1890, make a charge for such use. While there was a dissent in the case as to the proper construction of the act, no constitutional question, no claim of impairment of a contract was raised, either by the parties or by the court.

Another matter of which brief notice may be taken is the complete inapplicability to the point presented and decided here, whether a later state act can impair the obligation of a contract entered into with the state, of the opinion of the Sixth Circuit in City of Memphis v. Postal Telegraph Cable Co., 145 F. 602. What and all that was held in that case was that the State of Tennessee, which by an earlier statute had expressly granted to the City of Memphis the right to charge a rental for the use of its streets, had not by the enactment of a later general statute granting telephone and telegraph companies the right to use the streets, impliedly repealed the right so granted. In it the court merely held that the later statute was not intended to and did not repeal the earlier one on the facts of this case. No question of that kind is or could be presented here. There the utility was endeavoring to have the earlier statute declared repealed by the later, while here all that the utility is seeking is to have the later statute, as it was in the Memphis case, held to have been enacted with due regard and subject to the earlier one. What is said arguendo in the final paragraph of the opinion cannot be read in vacuo, it must be read in the light of the opinion as a whole and, so read, is entirely consistent with this view.

■ Other specific contentions and arguments of appellant, no better founded than these, could be pointed to. It will suffice, however, we think, to say that, confining our opinion, as the district judge did below, to the sole question presented in this case, whether the Mississippi Act of 1956, in attempting to authorize the City of Meridian to exact compensation by imposing a rental charge for the use of the streets for the poles, wires and other equipment of the plaintiff was invalid as impairing the obligation of a contract and may not therefore be enforced against the appellee we approve his opinion and judgment. Nothing in the opinion below dealt with, nothing in what we do here in affirming it undertakes to deal with or decide, any question beyond the specific question here presented. Particularly is it not intended to deal in any way here with questions relating to the exercise of the taxing and police powers of the state or city.

As thus specifically limited, the opinion of the district judge is approved and his judgment is affirmed.