## CITY OF MERIDIAN *v.* SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

No. 546.   Decided February 24, 1959.

*George M. Ethridge, Jr.* and *Lester E. Wills* for appellant.

*Charles B. Snow* and *John A. Boykin, Jr.* for appellee.

*Tally D. Riddell* filed a brief on behalf of the City of Gulfport et al., as *amici curiae,* in support of appellant.

Per Curiam.

Appellee instituted this suit for a declaratory judgment that a 1956 Mississippi statute imposing a charge on public utilities for the use of public streets and places does not apply to it, and, if it does, violates the Federal and State Constitutions.   It was tried before a single district judge.   After trial the district judge wrote an opinion (154 F. Supp. 736) and then entered a judgment which

declared the statute in conflict with the State and Federal Constitutions and thus beyond the power of the Mississippi Legislature to enact. The Court of Appeals for the Fifth Circuit affirmed the judgment of the District Court. 256 F. 2d 83. An appeal was taken to this Court pursuant to 28 U. S. C. § 1254 (2), providing for appeal of a decision of a Court of Appeals where appellant relies on a state statute held to be "invalid as repugnant to the Constitution, treaties or laws of the United States." Appellee moved to dismiss the appeal, contending that review by appeal does not lie because the Court of Appeals decision declaring the state statute unconstitutional was based on the Constitution of Mississippi as well as the Federal Constitution. Subsequently, appellant moved the Court to vacate the judgment of the Court of Appeals and remand the case to the District Court with instructions to vacate its judgment and convene a three-judge court under 28 U. S. C. §§ 2281 and 2284 to consider appellee's complaint. Appellee opposed the motion. Without passing judgment on the merits of that motion (cf. *Federal Housing Administration* v. *The Darlington, Inc.,* 352 U. S. 977), we vacate the judgment of the Court of Appeals and remand the case to the District Court with directions to hold the cause while the parties repair to a state tribunal for an authoritative declaration of applicable state law.

Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions. See *Railroad Comm'n* v. *Pullman Co.,* 312 U. S. 496. That is especially desirable where the questions of state law are enmeshed with federal questions. *Spector Motor Co.* v. *McLaughlin,* 323 U. S. 101, 105. Here, the state law problems are delicate ones, the resolution of which is not without substantial difficulty—

certainly for a federal court. Cf. *Thompson* v. *Magnolia Petroleum Co.,* 309 U. S. 478, 483. In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily. *Railroad Comm'n* v. *Pullman Co., supra; Spector Motor Co.* v. *McLaughlin, supra,* 104–105. See *Leiter Minerals, Inc.,* v. *United States,* 352 U. S. 220, 228–229.

The judgment of the Court of Appeals is vacated and the cause is remanded to the District Court for proceedings in conformity with this opinion.