Anna A. TORNQUIST, Florence M. Keay, Robert Grauch and Adelene V. Grauch, his wife, David Beiler and Mary Beiler, his wife, Charles S. Dunk and Bella M. Dunk, his wife, Margaret Stever

v.

The MANUFACTURERS LIGHT AND HEAT COMPANY.

Civ. A. No. 41386.

United States District Court
E. D. Pennsylvania.

Dec. 22, 1966.

Fred T. Cadmus, III, John E. Good, West Chester, Pa., Miles Warner, Philadelphia, Pa., for plaintiffs.

Robert S. Gawthrop, Jr., West Chester, Pa., for defendant.

MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

This is an injunction proceeding. The plaintiffs contend that specified sections of both the federal Natural Gas Act (15 U.S.C.A. § 717 et. seq.) and the Pennsylvania Natural Gas Companies Act (15 Purdon's Penna. Stat. Ann. § 1981 et. seq.) violate the United States and Pennsylvania Constitutions and request that

this Court enjoin the defendant natural gas transmission pipeline company (hereafter called "Manufacturers") from crossing plaintiffs' land under a purported authorization from these statutes. Jurisdiction is based upon 28 U.S.C.A. § 1331.

### Findings of Fact

The following narrative will serve as this Court's findings of fact. Plaintiffs are residents of Pennsylvania and landowners in Chester County. Manufacturers is a Pennsylvania corporation organized under the provisions of the Pennsylvania Natural Gas Companies Act (15 Purdon's Penna. Stat. Ann. § 1981 et. seq.) with its principal place of business located in Pittsburgh, Pennsylvania. Manufacturers is presently engaged in a natural gas pipeline expansion program, part of which is occurring in Chester County. Plaintiffs are complaining about the entrenching of a twenty inch pipeline across their properties. As of December 8, 1966, 17,089 feet of pipeline had been installed upon plaintiffs' lands, with only 3,534 feet of trench yet to be dug.

This case has had a complex procedural history. Manufacturers petitioned the Federal Power Commission for a temporary certificate of necessity and convenience and on May 14, 1966, published in 31 Federal Register 7158 a notice relating to the pipeline program involved in this suit. The notice stated that all interested parties should file with the Federal Power Commission, by June 6, 1966, any protest or petition to intervene. The present plaintiffs did not notify the Federal Power Commission of any interest on their part prior to the cutoff date specified in the notice. On August 5, 1966, the Federal Power Commission issued a temporary certificate to Manufacturers. Subsequently, Manufacturers approached the plaintiffs as to compensation for any damage incident to the entrenching, offering to post bonds for indemnification purposes. This offer of bonds was refused. Upon such refusal, Manufacturers petitioned the Court of

Common Pleas of Chester County for approval of the bonds pursuant to § 2033 of the Pennsylvania Natural Gas Companies Act. The plaintiffs filed exceptions to the approval of the bonds with the Chester court. These exceptions, in the nature of preliminary objections, urged the Chester court to refuse the tender of the bonds on the basis that Manufacturers had failed to properly comply with the provisions of Pennsylvania eminent domain law that plaintiffs deemed controlling. Plaintiffs further contended that if the Chester court did find proper compliance with the Pennsylvania statutes, these statutes were unconstitutional under the Pennsylvania and United States Constitutions. Plaintiffs' contentions were considered by Judge Kurtz of the Chester County Common Pleas Court, who denied the exceptions and approved the offer of the bonds on September 23, 1966.

On November 14, 1966, Judge Kurtz filed an opinion indicating his reasons for the denial of the plaintiffs' exceptions to the bond approval. The opinion concludes that Manufacturers has properly proceeded under a power of eminent domain authorized by the Pennsylvania legislature under § 2031 of the Pennsylvania Natural Gas Companies Act. On October 3, 1966 the plaintiffs appealed this ruling to the Supreme Court of Pennsylvania and the appeal is currently pending, having been scheduled for the January term. On October 12, 1966 the Pennsylvania Supreme Court denied plaintiffs' request for a supersedeas.

On November 15, 1966, the Federal Power Commission granted the plaintiffs leave to intervene in the Commission's further proceedings relating to Manufacturers' certificate of convenience and necessity. Pre-hearing conferences were listed for December 13, 1966. The question of the propriety of the issuance of the Temporary Construction Certificate is still pending before that Commission.

The Federal Power Commission, by Order dated October 28, 1966 consolidated

Manufacturers' application with that of Texas Eastern Corporation to determine why Texas Eastern could not sell to Manufacturers the additional volumes of gas needed in the defendant's eastern market area, and thereby obviate any necessity for the construction of Manufacturers' facilities through Chester County.

The Commission also issued Show Cause Orders on Tennessee Gas Pipeline and Trans-Continental Gas Pipeline Corporation, to determine why these two companies could not supply the alleged needs of Manufacturers and thereby obviate the necessity for defendant's facilities.

However, the Federal Power Commission did not suspend the temporary certificate issued to Manufacturers on August 5, 1966. Proceedings were begun in this Court on October 21, 1966. The present petition for a preliminary injunction was filed on November 17, 1966 and, at plaintiffs' suggestion, the hearing was scheduled for December 8, 1966.

### Conclusions of Law

■ At the outset, this Court concludes that there has not been a sufficient demonstration of irreparable injury to warrant the extraordinary relief of injunction; nor does it appear that the plaintiffs are without an adequate remedy at law in Pennsylvania. See, 5655 Acres of Land & Coal, etc. v. Texas Eastern Trans. Co., 190 F.Supp. 175 (W.D.Pa.1960). See also, Williams v. Transcontinental Gas Pipe Line Corp., 89 F. Supp. 485 (D. S.C. 1950).

■ Aside from the contention of irreparable injury, the plaintiffs have raised two distinct questions of constitutionality as the basis for injunctive relief. Initially, plaintiffs have challenged the constitutionality of § 717f of the federal Natural Gas Act as violative of the due process guarantees of the United States Constitution, specifically contending that the Federal Register publication of notice was inadequate. See e.g., Schroeder v. City of New York, 371 U.S.

208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962). However, the Federal Power Commission has issued only a temporary certificate to Manufacturers and, in its order of November 15, 1966, has made ample provisions for plaintiffs to intervene. Thus the issue of adequacy of the notice to plaintiffs is prematurely raised, in light of continuing agency proceedings.

■■ The second constitutional contention advanced by plaintiffs concerns § 2031 of the Pennsylvania Natural Gas Companies Act. On this issue, this Court will abstain. The reasons for abstention are cumulative. The Chester court proceeding, begun prior to this suit, involved a determination of complex matters of state law. That court faced difficult questions as to which statutes were applicable as well as how to properly construe these statutes. These complex matters of state law, initially concluded by the Chester County court, await final determination by the Pennsylvania Supreme Court after argument on the appeal. In such a posture, abstention is proper. Louisiana Power and Light Co. v. Thibodaux City, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959); see generally, 1 Barron and Holtzoff Federal Practice and Procedure § 64 (Wright ed. 1960, Supp.1965); cf., County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). These cases are authority to hold that abstention is proper here to avoid an unnecessary determination of the constitutionality of the Pennsylvania eminent domain statutes applicable in this case. As the Supreme Court has stated in City of Meridian v. Southern Bell Telephone Co., 358 U.S. 639, 641, 79 S.Ct. 455, 457, 3 L.Ed.2d 562 (1959):

> " * * * when the state court's interpretation of the [state] statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily."

Finally, there is no reason to suppose that the Pennsylvania Supreme Court " * * *

will not accord full constitutional scope * * * " to plaintiffs' contentions. Martin v. Creasy, 360 U.S. 219, 225, 79 S.Ct. 1034, 1037, 3 L.Ed.2d 1186 (1958). Redress to the United States Supreme Court is always available. Ibid.

For all of the above reasons plaintiffs' request for an injunction will be denied.