**FLORIDA POULTRY FEDERATION, INC., Gra-Car Inc. of Tampa, Modern Foods, Inc., Oak Crest Enterprises, Inc., Painter's Poultry Company, Inc., and Wallace Hatchery, Inc., Plaintiffs,**

v.

**Doyle CONNER, Commissioner of the Department of Agriculture and Consumer Services of the State of Florida, Defendant.**

Civ. A. No. 1546.

United States District Court,
N. D. Florida,
Tallahassee Division.

June 23, 1970.

Charles S. Carrere, St. Petersburg, Fla., for plaintiffs.

Robert A. Chastain, Chief Counsel, Florida Dept. of Agriculture and Consumer Services, Tallahassee, Fla., for defendant.

Before SIMPSON, Circuit Judge and ARNOW and MIDDLEBROOKS, District Judges.

## OPINION–ORDER

MIDDLEBROOKS, District Judge.

This cause is before this duly constituted Three-Judge Court in which plaintiffs seek declaratory and injunctive relief pursuant to Title 28, United States Code, Section 2281 to have Florida Statute § 580.061, F.S.A., declared unconstitutional both in form and in application as violative of their rights under the Due Process Clause and the Equal Protection Clause of the Constitution of the United States.

Generally the threshold issue before a statutory Three-Judge Court is whether there is in fact a substantial constitutional question presented in the complaint. See Jackson v. Choate, 404 F.2d 910 (5th Cir.1968). Guided by the rule of *Jackson*, supra, this Court, sitting as a single Judge, made application for the convening of a Three-Judge Court.

This having been done, the Three Judge Court, without formally convening in one place, may study the briefs and memoranda of law submitted and make such disposition of the case as it deems appropriate. *Ibid.*

Very briefly, the facts of this case may be stated as follows: plaintiffs attack § 580.061 of Florida Statutes, F.S. A. also known as the Florida Commercial Feed Inspection Law. From reading the statute one would not observe any provision which would appear constitutionally repugnant. However, plaintiffs contend that the revenues obtained as inspection fees under the subject statute "render the subject law a revenue measure rather than a true inspection fee and therefore unconstitutional." In Count Two of the complaint, plaintiffs contend that defendant has applied the statute in a discriminating manner to those poultry producers whose contract feed agreements contain incentive programs but that defendant fails to apply this inspection law to those producers whose agreements lack incentive provisions. Thus, Count One alleges violation of rights under the Due Process Clause and Count Two alleges violation of rights under the Equal Protection Clause. This Court notes too that it is concerned solely with intrastate activities and the application of this statute to those activities. Furthermore, research by this Court has been made into the history of this statute and nothing has been unearthed showing that the Supreme Court of Florida has had occasion to construe the constitutional validity of this statute, particularly in reference to the attacks now made upon it.

Thus, from these facts as just stated, this Court finds noteworthy the fact that the statute is not patently offensive and that thus far its presumptive validity has gone unchallenged in the State Courts. In addition, this Court observes it has been drawn into litigation concerned with the internal administration and application of Florida law over matters purely local in nature. Lastly, unlike the constitutional issues which were posed in Hargrave v. Kirk, 313 F.Supp. 944 (1970, M.D.Fla.) (Three-Judge Court), this Court has been called upon to "strike down" a state tax assessment and collection scheme.

Having expressed these findings it is the opinion of this Court that this case presents the classic setting for application of the doctrine of abstention. Great Lakes Dredge and Dock Company v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); cf. Hargrave v. Kirk, supra. See also Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1940). Only recently in a case very near on all fours with this instant action did the Supreme Court of the United States endeavor to fashion a rule to guide courts through the mainstream of Three-Judge Court litigation which is permeating the federal judiciary at an ever increasing pace:

"[W]e said in Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444, that abstention was applicable 'only in narrowly limited special circumstances,' citing Propper v. Clark, 337 U.S. 472, 492, 69 S.Ct. 1333, 1334, 93 L.Ed. 1480. In *Zwickler,* a state statute was attacked on the ground that on its face it was repugnant to the First Amendment; and it was conceded that State Court construction could not render unnecessary a decision of the First Amendment question. 389 U.S., at 250, 88 S.Ct., at 396. A state court decision here, however, could conceivably avoid any decision under the Fourteenth Amendment and would avoid any possible irritant in the federal-state relationship." Reetz v. Bozanich, 397 U.S. 82, 86, 87, 90 S.Ct. 788, 790, 25 L.Ed.2d 68 (1970).

This relatively succinct expression of the law is particularly fitting for this case. Here, consideration of the issues by a Florida Court "could conceivably avoid any decision under the Fourteenth Amendment and would avoid any possible irritant in the federal-state relationship." As was noted earlier by this Court, there is nothing on the face of

the statute which makes it repugnant to the Fourteenth Amendment so that State Court construction of the constitutional issues would not be rendered unnecessary.

In short, to allow Florida Courts to pass first upon this local matter by abstaining from the exercise of its jurisdiction in this cause, this Court would perpetuate the harmonious intent of the *Pullman* doctrine "[which] was based on 'the avoidance of needless friction' between Federal pronouncements and State policies." *Reetz,* supra, at p. 87, 90 S. Ct. at p. 790. Moreover, in adopting this procedure this Court would be in accord with that pronouncement of law to be found in City of Meridian v. Southern Bell Telephone & Telegraph Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed. 2d 562 (1959) where it was said:

"In such a case, when the state court's interpretation of the statute or evaluation of its validity under the State Constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily." *Ibid.* at 640–641, 79 S.Ct. at 457.

Accordingly, we dissolve the Three-Judge statutory Court convened in this cause and remit this cause to the initiating District Judge, the Honorable David L. Middlebrooks, for proceedings consistent with this opinion.

It is so ordered.