Carmen SANCHEZ, on behalf of herself and her infant children, Edwin, Daisy, Barry and Steven Sanchez, and Angel Correa, on behalf of himself, his wife Domiga Correa and his grandson, Freddy Correa, and on behalf of all others similarly situated, Plaintiffs,

and

Arthur Thomas, Intervenor-Plaintiff,

v.

George K. WYMAN, individually and as Commissioner of the Department of Social Services of the State of New York and Jack R. Goldberg, individually and as Commissioner of the Department of Social Services of the City of New York, Defendants.

No. 70 Civ. 2129.

United States District Court,
S. D. New York.
Nov. 10, 1970.

John DeWitt Gregory, Community Action for Legal Services, Inc., New York City, for plaintiffs, by Lawrence J. Fox and John C. Gray, Jr., New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., State of N. Y., New York City, for defendant Wyman, by Robert S. Hammer, Asst. Atty. Gen., of counsel.

J. Lee Rankin, Corp. Counsel, New York City, for defendant Goldberg, by Victor P. Muskin, Asst. Corp. Counsel, of counsel.

Before HAYS, Circuit Judge, and MOTLEY and POLLACK, District Judges.

## OPINION

POLLACK, District Judge.

The issues before the Court present a classic case for abstention. The two challenged regulations are susceptible "of a construction by the state courts that would avoid or modify the constitutional question", Zwickler v. Koota, 389 U.S. 241, 249, 88 S.Ct. 391, 396, 19 L.Ed.2d 444 (1967). "[T]he state law problems are delicate ones, the resolution of which is not without substantial difficulty—certainly for a federal court", City of Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 640–641, 79 S.Ct. 455, 457, 3 L.Ed.2d 562 (1959); quoted approvingly, Reetz v. Bozanich, 397 U.S. 82, 85, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970).

No New York court has yet held that the theft or loss of *money*, after a public assistance check has been cashed, comes within the prohibition of 18 NYCRR § 372.2(e), stating that emergency assistance is available only to those whose "[d]estitution is not due to loss, theft, or diversion of a *grant* already made." (Emphasis added)  No New York Court has ruled whether, if theft of money is within the prohibition, that prohibition is consistent with the other regulations concerning emergency assistance.  Neither has a New York Court been asked to reconcile the apparent inconsistencies between § 372.2(e), adopted in 1969, and the second challenged regulation, 18 NYCRR § 352.2(c), which says:

A special allowance and grant may be made to duplicate a grant already made because the cash has been lost or stolen. Such duplicate allowance and grant is not reimbursable by the State.

Finally, no state court has ruled on the question of whether the local discretion vested by the second regulation must be, or is, governed by an adequate external standard.

The two regulations under attack are part of New York State's complex and cumbersome public assistance program. It is for the state courts, in the first instance, to pass on the program which the New York Department of Social Services has formulated as the best means of disbursing its large but finite funds.

This Court retains jurisdiction pending consideration of the matter by the New York Courts.

So ordered.