The **UNIVERSITY OF OKLAHOMA GAY PEOPLE'S UNION and Lynn-Philip Book, Plaintiffs-Appellants,**

v.

The **BOARD OF REGENTS OF the UNIVERSITY OF OKLAHOMA, a body corporate, William Banowsky, individually and as President of the University of Oklahoma, Bob Mitchell, K. D. Bailey, Richard Alan Bell, Dee A. Replogle, Jr., Charles F. Engleman, Ronald White, and Don Little, Defendants-Appellees.**

No. 80–1251.

United States Court of Appeals,
Tenth Circuit.

Argued July 15, 1981.

Decided Oct. 14, 1981.

Glenn Rawdon of Rawdon & Salem, Norman, Okl., for plaintiffs-appellants.

Kurt F. Ockershauser, Norman, Okl., and Melvin F. Pierce, Oklahoma City, Okl. (Stanley M. Ward, Norman, Okl., and B. J. Cooper, Oklahoma City, Okl., with them on the brief), for defendants-appellees.

Before SETH, Chief Judge, and BARRETT and SEYMOUR, Circuit Judges.

SETH, Chief Judge.

This is an appeal from a dismissal of plaintiff's action and complaint. The trial court dismissed the action on grounds of abstention in view of an action pending on appeal in the Oklahoma state courts.

The suit was against the Board of Regents of the University of Oklahoma as a Board, against the members individually, and against the President of the University of Oklahoma.

The dispute concerns the refusal by the defendants to grant recognition to the plaintiff under the Student Code provisions as a student organization. Recognition according to the Complaint carries with it the right as an organization to use University facilities such as office space and meeting places, and to use the University post office services, and to maintain a business account.

At the time this case was heard by the trial court there was a suit pending in Oklahoma state courts brought against the University and Regents by an organization with the same purposes as the appellant. The plaintiff in the state suit had also been denied recognition as a student organization. The state trial court had decided against that plaintiff and an appeal was then before the state appellate court. The state court decision was handed down by the trial court before the group here concerned was organized and, of course, before its application was denied by the University. The two cases thus arose under the same circumstances, with identical issues, and concerned two organizations with the very same purposes. The membership was however different as far as the record shows.

The parties in this suit entered into a stipulation which recited that following the state trial court decision referred to above:

"the Gay People's Union was formed and the application for its recognition was denied by the Board. Thereafter plaintiffs filed this lawsuit for a preliminary and permanent injunction, compensatory and punitive damages, and attorney's fees—except for differences noted above, an identical suit to the Gay Activists Alliance action currently pending in the Supreme Court of Oklahoma."

There are no "differences noted above" expressly so described. The only reference is to the plaintiff organization in the state suit as "also a homosexual oriented association." Its constitution was attached as was its membership list of ten students. The students so listed are not listed as members of the appellant organization. The two organizations were created for exactly the same purposes. There is a difference in membership however. The appellant has stipulated with no exceptions here significant that the suits are identical.

The basic issue in the pending state action appears to be whether or not the University authorities could deny recognition under the provisions of the Student Code. There is also present in that issue a ques-

tion as to the authority of the Board of Regents under state law. It is apparent that. if state law issues are resolved in a particular way there will remain no constitutional questions.

In *Meridian v. Southern Bell T. & T. Co.*, 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562, in an action started in the federal courts, the Court required the parties to begin proceedings in the state court "for an authoritative declaration of applicable state law." The Court said:

"In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily."

The Court then cited *Spector Motor Co. v. McLaughlin*, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101, and *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971. Also in *United Gas Co. v. Ideal Cement Co.*, 369 U.S. 134, 82 S.Ct. 676, 7 L.Ed.2d 623, the Court required that proceedings be brought in the state court. The Court there said:

"Wise judicial administration in this case counsels that decision of the federal question be deferred until the potentially controlling state-law issue is authoritatively put to rest."

*See also England v. Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440, which the parties have treated at some length; *Harrison v. N.A.A.C.P.*, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152, and *Spector Motor Co. v. McLaughlin*, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101, cited by the Court in *Meridian*.

It is apparent that one of the basic objections to a requirement that the state issue be first litigated in the state court—the added expense—is not present in this action if the trial court awaits the state decision. Also any extended delay is not contemplated.

The members of the two organizations are of course not the same, and among the few members listed in the applications for approval there appears to be no person in both. The organizations, the issues, and all the circumstances are the same. It is the organization here concerned which is litigating, and not its members, and it does have a different name. The federal case and the state case are sufficiently similar to direct that the federal case be reinstated on the docket, jurisdiction be retained, and the case "deferred until the potentially controlling state-law issue is authoritatively put to rest."

The judgment of the trial court must be vacated and the case remanded with directions to reinstate the case on the docket and to defer further action until the state-law issues are resolved in the state court through the now pending appeal in the Gay Activists Alliance case commenced in the District Court of Cleveland County (No. C–77–162 W). If those proceedings do not provide an answer, or if an unreasonable time elapses, the trial court shall take the necessary action to resolve the issues.

It is so ordered.