**H.T. VONDY, Plaintiff-Appellant,**

v.

**J.R. WHITE, Gene Isle, Gilbert Torres and Norment Foley, Defendants-Appellees.**

**No. 83–1384**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1983.

Harry A. Nass, Jr., San Antonio, Tex., for plaintiff-appellant.

Lloyd Lochridge, Austin, Tex., for defendants-appellees.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

Plaintiff, H.T. Vondy, filed suit in the federal district court, asking the court to order actual and punitive damages against the defendants, who are county officials of Uvalde County, Texas. Vondy alleges that the intentional acts of the defendants deprived him of reasonable compensation for performing the duties of constable, an office to which Vondy was properly elected. The district court granted summary judgment in favor of the defendants. We vacate and remand.

In 1978, Vondy was elected to the office of constable in Uvalde County. His precinct did not have a constable until his election, and therefore, no salary for the office had been set by the county commissioners. The commissioners refused Vondy's request to set a salary for his office. Vondy thereafter pursued his state remedies, finally obtaining from the Texas Supreme Court an order directing the state trial court to issue a writ of mandamus against the commissioners. *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104 (Tex.1981). In response to the writ's requirement that they set a reasonable salary, the commissioners set a salary of $40 per month.

In 1982, alleging that $40 per month was not "reasonable," Vondy filed a motion in the state district court asking that the commissioners be held in contempt. That action is still pending. Also in 1982, Vondy filed suit in the federal district court, alleging violations of his rights pursuant to 42 U.S.C. § 1983 (civil rights) and § 1973c (voting rights). The federal district court granted summary judgment to the defendants and dismissed Vondy's suit. Vondy appeals; it is this appeal that is presently before this Court.

The only substantial issue presented for review is whether Vondy has a legitimate claim of entitlement to a salary in excess of $40 per month, *i.e.,* whether a salary of $40 per month is too low to be reasonable. As to his other claims, Vondy has not established that he is a member of a protected class, and therefore cannot support his claim of violation of equal protection. Vondy's claim of violation of substantive due process is subject to the "rational basis" test. Unless Vondy can show that the rationale offered by the commissioners (the low salary was set because of financial inability) is pretextual, the substantive due process claim fails. The language of section 1973c precludes Vondy's claims and, in any event, section 1973c does not authorize the award of damages—the only remedy sought here.

The state question of reasonable compensation is circumscribed by principles of federal procedural due process. Vondy has had great difficulty in obtaining a salary which satisfies his own notion of reasonableness. Disagreement over the interpretation of state law has now become enmeshed in a federal question. Where, as here, "the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily." *City of Meridian v. Southern Bell Telephone Co.,* 358 U.S. 639, 640–41, 79 S.Ct. 455, 456–57, 3 L.Ed.2d 562 (1959).

Vondy's pending state suit has the potential to resolve the issue of the reasonableness of the salary set by the commissioners. The Texas state courts are the final arbiters of the meaning of the relevant state constitutional and statutory provisions. Once the state courts have resolved the question of the reasonableness of the salary under Texas law, the federal courts may then consider whether the state notions of reasonableness comport with constitutional requirements. Interjecting the federal viewpoint on the reasonableness of the salary at this time would constitute no more than an advisory opinion.

The judgment of the district court is vacated, and the cause is remanded to the district court. The jurisdiction of the district court shall be maintained pending resolution of the state question of reasonableness of compensation.

VACATED AND REMANDED.