836 F.2d 1348
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas W. JONES, Plaintiff-Appellant,
v.
Lawrence N. VERBIEST, Defendant-Appellee.
 No. 86-2188.
 United States Court of Appeals, Sixth Circuit.
 Jan. 4, 1988.
 
 Before KEITH, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Thomas W. Jones appeals the judgment of the district court ordering abstention from the determination of plaintiff's claim regarding the constitutionality of Michigan election laws. For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiff Thomas W. Jones alleges that he was nominated in a caucus of the Liberterian Party on June 1, 1986, for the office of Michigan State Senator from District Three. On June 2, 1986, Jones submitted a certificate of nomination, a certificate of acceptance, a party vignette, and an affidavit of identity to defendant Lawrence N. Verbiest, requesting that Jones' name and the vignette of the Liberterian Party of Michigan be placed on the November 4, 1986, general election ballots in State Senate District Three. Verbiest was the Wayne County Director of Elections.
 
 
 3
 Verbiest rejected plaintiff's submission on the ground that M.C.L.A. Sec. 168.686a requires new, minor parties such as the Liberterian Party to have filed ballot access petitions at least three months prior to the August primary and to have held their county or state nominating caucuses not later than sixty-four days before the primary. Because the Michigan Secretary of State had not certified the Liberterian Party as eligible for placement on the general election ballot, Verbiest was not authorized to accept Liberterian Party nominations or place them on the ballot.
 
 
 4
 Plaintiff subsequently filed an action in the district court against defendant Verbiest, requesting a declaration of the unconstitutionality of the state statutes, an order placing his name and the Liberterian Party vignette on the November 1986 general election ballot, and also requesting the costs of the litigation. Defendant answered, and plaintiff filed a motion for summary judgment. The defendant filed a response, and the district court dismissed the matter without prejudice on November 13, 1986. The district court concluded that "[t]he issues raised in plaintiff's complaint present questions of state law that should be first addressed by the courts of the State of Michigan, in order to avoid a constitutional decision that might be rendered unnecessary by a subsequent state interpretation of the statutes in question." This appeal followed.
 
 II.
 
 5
 In concluding that abstention was proper, the district court relied upon the fact that resolution of the issues presented in plaintiff's complaint by reference to state law could render a federal constitutional decision unnecessary. Thus, the district court was considering this case within the framework of the most common type of abstention, as developed by the Supreme Court in Railroad Commission v. Pullman Co., 312 U.S. 496 (1941). In Pullman, the Supreme Court concluded that when a construction of state law may render a federal constitutional decision unnecessary, the federal court should abstain in order to give the state courts the first opportunity to pass on the validity of their own laws.
 
 
 6
 Pullman abstention is appropriate "when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided." Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 236 (1984). When a state constitution contains a unique provision, and evaluation of the challenged statute under this unique provision may obviate the need for a decision of federal constitutional dimension, abstention is particularly appropriate. In City of Meridian v. Southern Bell Telephone & Telegraph Co., 358 U.S. 639 (1959) (per curiam), the plaintiff argued that it was not subject to the provisions of a Mississippi statute imposing a charge on public utilities. Plaintiff further argued that if the statute was applicable, it violated the state and federal constitutions. The district court concluded that the statute offended both the state and federal constitutions and was beyond the power of the state legislature to enact. The judgment was affirmed on appeal and was subsequently presented to the Supreme Court for resolution. The Supreme Court vacated the judgment of the court of appeals and ordered the district court to abstain.
 
 
 7
 Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions. That is especially desirable where the questions of state law are enmeshed with federal questions. Here, the state law problems are delicate ones, the resolution of which is not without substantial difficulty--certainly for a federal court. In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily.
 
 
 8
 Id. at 640-41 (citations omitted). The continuing vitality of the proposition espoused in City of Meridian was recognized by the Supreme Court in Midkiff, 467 U.S. at 237 n. 4, and Pennzoil Co. v. Texaco, Inc., 107 S.Ct. 1519 (1987).
 
 
 9
 We conclude that the teachings of Pennzoil and City of Meridian militate in favor of the conclusion that abstention is proper. We note that the Michigan Constitution contains a unique provision more narrowly tailored to the plaintiff's claim than the equal protection clause of the Fourteenth Amendment to the United States Constitution. Specifically, art. 2, Sec. 4 of the Michigan Constitution gives the legislature the authority to regulate the place and manner of elections. It directs the legislature to "enact laws to preserve the purity of elections, to preserve the secrecy of the ballot, to guard against abuses of the elective franchise, and to provide for a system of voter registration and absentee voting."
 
 
 10
 The Michigan Supreme Court has utilized this constitutional provision to strike down Michigan laws challenging ballot access requirements. See Socialist Workers Party v. Secretary of State, 412 Mich. 571, 317 N.W.2d 1 (1982). Because a determination that the Michigan law in question violates this unique constitutional provision may obviate the need for a decision based on the United States Constitution, we conclude that the district court was correct in ordering abstention.
 
 III.
 
 11
 Accordingly, for the reasons stated above, the judgment of the district court is AFFIRMED.