**C'EST BON, INC., t/a C'Est Bon, Inc., Plaintiff,**

v.

**NORTH CAROLINA STATE BOARD OF ALCOHOLIC CONTROL et al., Defendants.**

**Civ. No. 2826.**

United States District Court, W. D. North Carolina, Charlotte Division.

Sept. 7, 1971.

Adam Stein, Chambers, Stein, Ferguson & Lanning, and Michael G. Plumides, Charlotte, N. C., for plaintiff.

Charles E. Knox, Charlotte, N. C., for defendants Mecklenburg County Board of Education, its members, Chief Charlotte City Police, and Sheriff of Mecklenburg County.

Robert Morgan, Atty. Gen. of North Carolina and Christie Y. Denson, Asst. Atty. Gen., Raleigh N. C., for defendant State Board of Alcoholic Control.

Before CRAVEN, Circuit Judge, and JONES and McMILLAN, District Judges.

CRAVEN, Circuit Judge:

This is a suit brought before a three-judge court to challenge the constitutionality of an inartfully drawn state criminal statute purporting to forbid "indecent exposure," [1] and another state

---

1. N.C.Gen.Stat. § 14–190 reads:
   Indecent exposure; immoral shows, etc.
   —Any person who in any place willfully exposes his person, or private parts thereof, in the presence of one or more persons of the opposite sex whose person,

statute, quite vague in language, purporting to control conduct and entertainment on premises where alcoholic beverages are served.[2]

Aware of the vagueness of the second statute, the Mecklenburg County Alcoholic Beverage Control Board has issued a set of guidelines purporting to interpret the statute so as to specifically prohibit (1) topless *and* bottomless dancing (mere topless dancing is permitted), (2) any performance simulating sexual activity "with any object, device or other paraphernalia," (3) physical contact between customers and topless performers, and (4) physical contact between topless waitresses and customers.

Because of highly publicized nude and partially nude dancing at C'Est Bon's place of business, state administrative proceedings were begun to revoke C'Est Bon's ABC license. These proceedings resulted in a revocation of the license on alternative grounds: (1) nude dancing, (2) serving alcoholic beverages to an intoxicated person and allowing him to remain on the premises.

At the time of the filing of the federal complaint and at the time of the hearing before the three-judge court there were not pending any criminal prosecutions against C'Est Bon. Younger v.

Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971), and companion cases are without application.

■ Since the filing of the action, the City of Charlotte has enacted a so-called indecent exposure ordinance, § 13–21 Code of the City of Charlotte. C'Est Bon has filed a supplemental complaint challenging the constitutionality of this ordinance. Because it is purely local in nature it is not properly before a three-judge court. Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971).

■ We think this case is a peculiarly appropriate one for abstention by a federal court. Since the repeal of the Eighteenth Amendment in 1933 the control of the consumption and use of alcoholic beverages in this country has been committed to the states. The federal government has asserted no interest whatsoever in the subject matter except to tax such beverages. There is no federal administrative or executive agency that concerns itself with the control and usage of alcoholic beverages. The exercise of police power, and the development of administrative expertise in the area, has been peculiarly that of the states to the exclusion of the federal government.

or the private parts thereof, are similarly exposed, or who aids or abets in any such act, or who procures another so as to expose his person, or the private parts thereof, or take part in any immoral show, exhibition or performance where indecent, immoral or lewd dances or plays are conducted in any booth, tent, room or other public or private place to which the public is invited; or any person, who, as owner, manager, lessee, director, promoter or agent, or in any other capacity, hires, leases or permits the land, buildings, or premises of which he is owner, lessee or tenant, or over which he has control, to be used for any such immoral purposes, shall be guilty of a misdemeanor. Any person who shall willfully make any indecent public exposure of the private parts of his or her person in any public place or highway shall be guilty of a misdemeanor. Any person violating any provision of this section shall be pun-

ishable by a fine not to exceed five hundred dollars ($500.00), imprisonment for not more than six months, or both.

2. N.C.Gen.Stat. § 18–78.1 reads:
Prohibited acts under license for sale of malt beverages and wines for consumption on or off premises.—No holder of a license authorizing the sale at retail of beverages, as defined in § 18–64, and article 5, for consumption on or off the premises where sold, or any servant, agent, or employee of the licensee, shall do any of the following upon the licensed premises:

\* \* \* \* \*

(4) Permit on the licensed premises any disorderly conduct, breach of peace, or any lewd, immoral, or improper entertainment, conduct, or practices. \* \* Violation of this statute is made a misdemeanor by North Carolina General Statutes Section 18–91.

Although the state regulation under attack here may sweep overbroadly into areas ordinarily protected by the First Amendment, a saving construction may be available in the state courts. See Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); City of Meridian v. Southern Bell Telephone & Telegraph Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959). Unless the First Amendment is viewed as an absolute, its command must be balanced against the state police power to regulate the usage of alcoholic beverages. Compare Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948). A state court with the benefit of an administrative record is in a better position to strike the balance than are we.[3] The abstention doctrine is an equitable one designed to prevent needless friction between federal and state government. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). When abstention delays ultimate resolution of the merits of the constitutional claim, and it frequently does, and when the constitutional challenge is a First Amendment one, the harm of delay will often outweigh the competing comity considerations.

But here the delay will not have an immediate impact on plaintiff's constitutional rights. C'Est Bon's license has been suspended on independent grounds for a period of some months.[4] The state administrative proceedings have long since been begun and might well have come to fruition had C'Est Bon pressed as hard for a resolution of the controversy there as it has done in this court. The suspension period now in effect can certainly be used to obtain an authoritative construction of the state regulations and statutes in the state courts.[5] Our intervention at this point might well hamper and impede quick resolution of the controversy rather than speed it up.

The Clerk is directed to enter a judgment dismissing the complaint, insofar as it seeks relief from a three-judge court.

McMILLAN, District Judge (concurring):

C'Est Bon Club has been destroyed by fire; the challenged statutes have been substantially revised by the General Assembly; plaintiff's liquor licenses have been under suspension for several months for extraneous and presumably valid reasons; and there is no indication that plaintiff expects to go back into the nightclub business. The controversy is

---

3. We do not know, for example, whether the guidelines issued by the Mecklenburg County Alcoholic Control Board are administrative regulations or merely rough rules-of-thumb. Nor do we know anything about the relationship between the Mecklenburg County Alcoholic Control Board and the State Alcoholic Control Board or whether the guidelines issued by the Mecklenburg Board have any effect in a revocation hearing before the State Board.

4. C'Est Bon contends that the revocation on the separate ground of service of alcoholic beverages to an intoxicated person is a subterfuge to cover the real ground, i. e., nude dancing. This argument is an attack on the constitutionality of a state official's action and not an attack on the constitutionality of a state statute and is not properly an issue for a three-judge court. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85

L.Ed. 800 (1941); Ex Parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940).

5. We are aware that the indecent exposure statute stands by itself and is valid or invalid without reference to on-premise consumption of alcoholic beverages. Theoretically we might proceed to adjudicate the constitutionality of this statute without infringing on state prerogatives. But practically, the two statutes and the board's interpretative regulations are tied together on the facts of this case. Doubtless state resolution of the constitutionality of the ABC scheme will be made in light of the separate indecent exposure statute and its relevance, if any, considered. Since the conduct which the state seeks to prohibit is the same, it would not make much sense for us to abstain as to one and proceed as to the other. The possibility of conflicting decisions would be enhanced rather than diminished.

essentially moot; the case is in drastically different posture from that of March 13, 1971, when the original district court order was entered; and there is no longer any special reason for action by this court. Therefore, I concur in the decision of the court to abstain from determination of the constitutional issues originally presented by the petition.