Linda **CHERBONNIE** et al., Plaintiffs,

v.

George **KUGLER**, Individually and in his official capacity as Attorney General of the State of New Jersey, et al., Defendants.

Leslie **SAFAR** et al., Plaintiffs,

v.

George **KUGLER**, Individually and in his official capacity as Attorney General of the State of New Jersey, et al., Defendants.

**STARSHOCK, INC.**, a New Jersey corporation, t/a "Lido", 7980 South Crescent Blvd., Pennsauken, New Jersey, Plaintiffs,

v.

Robert E. **BOWER**, Individually and as Director, Division of Alcoholic Beverage Control, New Jersey Department of Law and Public Safety, et al., Defendants.

Civ. A. Nos. 49–73 to 51–73.

United States District Court,
D. New Jersey.
June 5, 1973.

Martin Margolit, Camden, N. J., and Michael Anthony Maness, Houston, Tex., for plaintiffs.

George F. Kugler, Jr., Atty. Gen. of N. J., by Marc J. Friedman and David S. Piltzer, Deputy Attys. Gen., Thomas J. Shusted, Prosecutor of Camden County, by Mario A. Lavicoli, First Asst. Prosecutor of Camden County, for all defendants.

Before HUNTER, Circuit Judge and COOLAHAN and COHEN, District Judges.

## OPINION

COHEN, District Judge.

Do the Indecency and Obscenity Statutes of New Jersey and the regulations of the New Jersey Division of Alcoholic Beverage Control (ABC), which allegedly proscribe the increasingly popular, but controversial form of barroom entertainment, "topless" dancing, infringe upon the constitutional rights of the plaintiffs? This is the issue plaintiffs seek to have resolved by this three-judge court.

Challenged is the constitutionality of the New Jersey Lewdness or Indecency Statute, N.J.S.A. 2A:115–1;[1] the Statute prohibiting the occupation or use of one's premises for the purpose of lewdness, N.J.S.A. 2A:133–2(b);[2] and Rule

---

1. N.J.S.A. 2A:115–1 provides in pertinent part:

Any person who commits open lewdness or a notorious act of public indecency, grossly scandalous and tending to debauch the morals and manners of the people . . . is guilty of a misdemeanor.

2. N.J.S.A. 2A:133–2(b) provides as follows:

Any person who:

Occupies any place, structure, building, vehicle or conveyance for the purpose of prostitution, lewdness or assignation, or permits any place, structure, building, vehicle or conveyance owned or

5 of Regulation 20 [3] of the ABC, interdicting "lewdness and immoral activity" at licensed establishments which serve alcoholic beverages.

Jurisdiction is conferred by the provisions of 42 U.S.C. §§ 1983, 1985 and 28 U.S.C. §§ 1331(a), 1343(2) and (4), 2201, 2202, 2281 and 2284.

Plaintiffs in these three consolidated actions are the waitresses and employees of the Club Lido, Pennsauken, New Jersey (Civil No. 49–73); its operators and performers (Civil No. 50–73); and the corporate owner, stockholder, managers, entertainers and a patron (Civil No. 51–73).

The defendants are the New Jersey Attorney General, George F. Kugler; the Camden County Prosecutor, Thomas J. Shusted and his assistants; the Director of the ABC, Robert E. Bower; and other law enforcement and ABC personnel as agents of the above officials.

Plaintiffs contend that the statutes and regulation under attack facially violate the first and fourteenth amendments to the Federal Constitution in that the proscriptions therein infringe on their freedom of expression and, alternatively, are void for vagueness, with respect to the activity of "topless" dancing [4] conducted for the entertainment of patrons of the Club Lido. Plaintiffs have moved for summary judgment pursuant to Fed.R.Civ.P. 56(a) seeking declaratory, injunctive and monetary relief.

Contra the contentions raised by plaintiffs, all defendants, in addition to asserting that the pertinent statutes and regulation are facially constitutional, move to dismiss the complaints on the basis of abstention. Railroad Comm'n. of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Defendants also urge that this Court should refrain from interfering with the pending state criminal prosecution, under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). There have been, however, allegations of official lawlessness and bad faith harassment which, if proved, would place this case within the exceptions to *Younger*, thereby permitting injunctive relief. With the view we take of the case, resolution of this issue is unnecessary.

In determining whether the abstention doctrine should be applied, the United States Supreme Court has held

---

controlled by him to be used for such purpose with knowledge or reasonable cause to know that same is, or is to be, used for such purpose . . . [i]s guilty of a misdemeanor.

Since both statutes involved herein proscribe, *inter alia*, "lewdness", see note 1 *supra*, the analysis in the opinion pertaining to N.J.S.A. 2A:115–1 is equally applicable to N.J.S.A. 2A:133–2(b).

3. Rule 5 of ABC Regulation 20 states:
No licensee shall engage in or allow, permit or suffer in or upon the licensed premises any lewdness, immoral activity, or foul, filthy, indecent or obscene language or conduct, or any brawl, act of violence, disturbance or unnecessary noise; nor shall any licensee allow, permit or suffer the licensed place of business to be conducted in such manner as to become a nuisance.

4. When the complaint was filed, the only entertainment which the performers at the Lido were engaged in was "topless" dancing. On January 17, 1973 the initi-ating judge signed a temporary restraining order enjoining law enforcement officials from interfering with this kind of entertainment.

Subsequently, based on affidavits submitted by agents of the ABC describing other sexually suggestive conduct at the Lido, defendant Bower moved to vacate or modify the TRO. The motion to vacate was not pressed because of an understanding reached between the parties concerned and the Court that the entertainment at the Lido would be confined to "topless" dancing. This agreement, however, was breached by plaintiff who began to engage in "bottomless" dancing and other sexually suggestive conduct. Accordingly, the TRO was vacated on application by the County Prosecutor on April 10, 1973. Shortly thereafter, several raids were made on the Lido by the Camden County Prosecutor's Office and the Club's liquor license was suspended by the ABC. At the present time, Club Lido is closed.

that a federal court should not abstain if the state statute is "clear and unambiguous in all material respects," Harman v. Forssenius, 380 U.S. 528, 535, 85 S.Ct. 1177, 1182, 14 L.Ed.2d 50 (1965), and if the statute is not susceptible to a saving constitutional construction, Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

Additionally, the defendants Director Bower and other ABC personnel contend that the instant case is singularly appropriate for the application of the abstention doctrine, inasmuch as Rule 5 of ABC Regulation 20 has never been challenged in the New Jersey Courts as being void for vagueness; further, that unless the regulation is facially unconstitutional which is denied, the state courts should initially be afforded an opportunity to construe and interpret the regulation in a manner which might eliminate the need to reach the constitutional issue. *See e.g.*, Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Meridian v. Southern Bell T. & T. Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959); and C'est Bon, Inc. v. North Carolina State Bd. of Alcoholic Control, 331 F. Supp. 82 (W.D.N.C.1971).

▮▮ For ABC Rule 5 or the statutes challenged here to withstand constitutional scrutiny, they must not be "in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939). *See also* Papachristou v. City of Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1971). Uncertainty cannot exist either with respect to the scope of the acts encompassed by the statute, or with regard to the substantive standards to be applied to the conduct. Winters v. New York, 333 U.S. 507, 515–516, 68 S.Ct. 665, 92 L.Ed. 840 (1948).

Statutes containing language similar to that of the administrative rule and legislative enactments hereinunder consideration have been upheld by the Supreme Court against challenges that they were void for vagueness. Mishkin v. New York, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). In so doing, however, the Court required that the following constitutional standard for judging lewdness or obscenity be applied to the statute for it to be upheld:

> (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to sexual matters; and (c) the material is utterly without redeeming social value. Memoirs v. Massachusetts, 383 U.S. 413, 418, 86 S.Ct. 975, 977, 16 L.Ed.2d 1 (1967).

In Cine-Com Theatres Eastern States, Inc. v. Lordi, 351 F.Supp. 42 (D.N.J. 1972), a three-judge court case, the constitutionality of the New Jersey Obscenity Statute, N.J.S.A. 2A:115–1.1, was challenged. Responding to defendant's assertion that the court abstain, Judge Garth stated at p. 48, "abstention would be proper only if the statute under attack were susceptible to a construction that avoided or modified the constitutional question." The court concluded that no such construction of the Obscenity Statute was possible [5] since, in 1971, the New Jersey Legislature amended the enactment to eliminate the "redeeming social value" element from the constitutional test of obscenity.

The Lewdness Statute, N.J.S.A. 2A:-115–1, involved herein, has no such amendment eliminating the "redeeming social value" test. Indeed, there is neither a definition of lewdness in the statute nor a definitive construction by the state courts establishing a constitutional standard for determining what constitutes a lewd act consistent with the first and fourteenth amendments. As mentioned above, the Supreme Court

5. *But see* Coleman v. Wilson, 123 N.J.Super. 310, 302 A.2d 555 (Ch. 1973).

has concluded in Mishkin v. New York, *supra* at 506–507, 86 S.Ct. 958, and Roth v. United States, *supra* at 492, 77 S.Ct. 1304 that application of the three-pronged constitutional standard for obscenity would give a statute sufficient clarity to withstand a void for vagueness challenge. It is unclear, however, whether the New Jersey Courts would apply this standard, or that which is contained in the New Jersey Obscenity Statute.[6]

■ The application of this first amendment standard to establishments licensed by the state to serve alcoholic beverages is no longer necessary in light of California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). Pursuant to the twenty-first amendment to the Federal Constitution the states have broad discretion in their exercise of control over the manner and circumstances under which liquor may be dispensed. This is true even with regard to certain activities which, in another environment, might be protected by the first amendment.

■ Significantly, *LaRue* is distinguishable from the instant case. In *LaRue*, the Supreme Court concluded that the California liquor regulation was constitutional under the twenty-first amendment. The regulation there under consideration was drafted with great specificity.[7] On the other hand, New Jersey ABC Rule 5, as well as the challenged statutes, prohibits "lewdness"

and "immoral activity." No definition of, or constitutional standard for, these terms is present either in the ABC Regulations or in the New Jersey Statutes. Accordingly, we hold that this lack of precision, when considered with the broad scope of regulation permitted in establishments that sell alcoholic beverages under *LaRue*, makes the present case particularly appropriate for the application of the abstention doctrine so that state authorities may be afforded an opportunity [8] to construe Rule 5 consistent with notions of due process and to the fullest extent permissible under the twenty-first amendment. *See* C'est Bon, Inc. v. North Carolina State Bd. of Alcoholic Control, *supra*.

Moreover, inasmuch as a constitutional interpretation of the Lewdness Statute may be possible, and since there are presently pending in the State Superior Court a number of criminal cases in which the statutes herein involved are being challenged on a constitutional basis, the state courts should be afforded the initial opportunity to so interpret them. Consequently, we abstain.

Jurisdiction over this case will be retained, but all proceedings in this court will be stayed pending the determination of the actions presently in the New Jersey State Courts and before the ABC, or until all efforts to obtain such a determination have been exhausted. American Trial Lawyers Ass'n., New Jersey Branch, et al. v. New Jersey Su-

---

6. State v. Shapiro, 96 N.J.L.J. 312 (Law Div. Jan. 26, 1973). *See also* Coleman v. Wilson, *supra*.

7. California ABC Regulation 143.3(1) provides in pertinent part:
   No licensee shall permit any person to perform acts of or acts which simulate:
   (a) Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law.
   (b) The touching, caressing or fondling on the breast, buttocks, anus or genitals.
   (c) The displaying of the pubic hair, anus, vulva or genitals.
   In essence, Rule 143.4 prohibits the same acts or simulations mentioned above with

respect to visual reproductions such as motion pictures or photographs on premises licensed by the State to sell alcoholic beverages.

8. Defendant Bower, Director of the ABC, has recently adopted the findings and conclusions in the Hearer's Report and has imposed a 50 day liquor license suspension on Starshock, In the Matter of Disciplinary Proceedings against Starshock, Inc., S-9393, after considering the same constitutional arguments presented by plaintiffs herein. From this adverse decision, Starshock may appeal by right to the Appellate Division of New Jersey Superior Court. N.J. Court Rules, 2:2–3 (a).

preme Court, 409 U.S. 467, 93 S.Ct. 627, 34 L.Ed.2d 651 (1973).

An appropriate order in conformity with the views herein expressed may be submitted.