FATHERS UNITED FOR EQUAL RIGHTS, an unincorporated association, et al.

v.

The CIRCUIT COURT FOR BALTIMORE COUNTY, an Association of Judges of the Third Judicial Circuit of Maryland, et al.

Civ. No. 71–1291.

United States District Court, District of Maryland.

Aug. 6, 1973.

Leonard J. Kerpelman, Baltimore, Md., for plaintiffs.

Francis B. Burch, Atty. Gen., and William J. Rubin, Asst. Atty. Gen., Baltimore, Md., for defendants.

Before WINTER, Circuit Judge, WATKINS, Senior District Judge, and BLAIR, District Judge.

OPINION

BLAIR, District Judge.

Fathers United for Equal Rights, which describes itself as an unincorporated association whose purpose is to promote the interests of fathers who have been parties to domestic litigation, and several individuals have instituted this suit to challenge the constitutionality of certain of Maryland's domestic relations

laws. Naming as defendants some of the judges and associations of judges who have presided over domestic litigation, plaintiffs allege that the statutory and case law of Maryland unconstitutionally discriminates against and denies equal protection to the male party to a domestic relations suit by conferring a favored status upon the female and also that the judges have persistently discriminated against males in the application of neutral laws. Both injunctive and declaratory relief is sought and a three judge court was requested pursuant to 28 U.S.C. § 2281.

The defendants, responded to this complaint with a motion to dismiss, a motion in opposition to the maintenance of a class action and a motion in opposition to the convening of a three judge court. After a preliminary hearing on these motions, a three judge court was convened pursuant to 28 U.S.C. § 2284 and ruling was reserved on the remaining two motions.

Shortly thereafter, the voters of Maryland, in a general election, ratified a proposed amendment to the Maryland Constitution. This amendment was certified by the Governor and became the law of this State on December 5, 1972. Specifically, the Maryland Declaration of Rights was expanded to include the following provision:

*Equality of rights under the law shall not be abridged or denied because of sex.*

From the representations of counsel and from the court's own research, it appears that the Court of Appeals of Maryland has not yet ruled upon the effect, if any, which the "equal rights" amendment will have on the domestic relations laws of this State. It is conceivable that such rulings would obviate any need for a constitutional decision by a federal court. Therefore, this court feels that it should abstain from deciding the issues posed in this case.

The doctrine of federal abstention was first articulated by Justice Frankfurter in Railroad Comm'n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Recognizing the desirability of avoiding needless friction with the state, the Court held that when called upon to resolve constitutional issues whose roots lie in ambiguous state laws, a federal court should stay its hand until the state's tribunals have had the first opportunity to define the scope of the questioned law. Over the years, this equitable doctrine has been applied, with little dissent, in numerous cases. *See, e.g.*, Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970); Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); Harrison v. N.A.A.C.P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959); Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959); Stainback v. Mo Hock Ke Lok Po, 336 U.S. 368, 69 S.Ct. 606, 93 L.Ed. 741 (1949); Spector Motor Service v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101 (1944). Presently, the law in this area seems to be that abstention is appropriate when it will avoid unnecessary conflicts between the state and federal systems, when it will avoid unnecessary impairment of state functions, or when it will avoid a premature determination of a federal constitutional question. *See* Martin v. Creasy, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186 (1959). Therefore, this court concludes that it should not proceed where the decision of the highest state court on an unresolved point of state law may obviate the need for a constitutional decision. The clearest example of this reasoning is contained in the recent case of Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). There, a group of nonresident fishermen attacked a state law and the regulations promulgated thereunder alleging that they were denied equal protection of the law. A three judge court granted summary judgment in their favor holding that the challenged enactments violated both the state and

federal constitutions. The Supreme Court reversed. Writing for a unanimous Court, Justice Douglas pointed out that the applicable provisions of the Alaska Constitution had never been interpreted by the state courts. Thus, even though the opinion recognized the narrow limitations of the doctrine of abstention, the Court felt that since the need for a federal constitutional decision could be obviated by a state court construction of its own constitution, the federal court should stay its hand in resolving the issues presented. *See also* Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959).

In accordance with the rationale of *Reetz*, this court holds that it should abstain from ruling on the merits of the plaintiffs' claims. As was previously pointed out, the Maryland Constitution currently contains a specific prohibition against any discrimination based upon sex which was adopted after the instant suit was filed. To what extent this provision will have an effect on the domestic relations laws of Maryland is not a question which this court need answer. It cannot be disputed that the issues presented in this case fall squarely within the subject matter of the new "equal rights" amendment. Therefore, until the issues raised in this case have been presented to the Court of Appeals of Maryland and decided under the recent amendment to the Maryland Constitution, any decision by this court on the federal claims is potentially unnecessary. For this reason, the court will refrain from taking any further action on the claims presented until after the Maryland Court of Appeals has been given an opportunity to pass upon what effect the equal rights standards recently added to the Maryland Constitution will have on the plaintiffs' complaints.

The only question remaining is whether the case should be retained on this court's docket until such time, if ever, when the parties have obtained state court rulings on their claims or whether it should be dismissed. In Zwickler v. Koota, 389 U.S. 241, 244, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), the Supreme Court stated, in a footnote, that, in a case raising federal constitutional issues, the better practice is to retain jurisdiction rather than to dismiss. *See also*, Wright, Law of Federal Courts, at 198 n.19 (2d Ed. 1970). A number of lower courts, however, have pointed out that a dismissal without prejudice serves the same end; *see, e.g.*, Brown v. Pearl River Valley, 292 F.2d 395 (5th Cir. 1961); Hill v. El Paso, 437 F.2d 352 (5th Cir. 1971); Hill v. Victoria County, 441 F.2d 416 (5th Cir. 1971); Barrett v. Atlantic Richfield Co., 444 F.2d 38 (5th Cir. 1971); namely, that the parties be given an opportunity to raise any state claims they may have before a state tribunal before returning to a federal court. As long as no prejudice attaches to the dismissal, the complaining party has not been foreclosed from reinstituting his suit at a later time. Presenting the issues in the state system will not subject him to a later dismissal because of *res judicata* if it is made clear that only questions of state law are being presented in the state court and that the right to have a federal tribunal pass upon his constitutional questions is being reserved. England v. Louisiana Bd. of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

■ In the instant case, no single or simple issue is presented. Instead, we have multiple plaintiffs and claims. The claims are both far-reaching and far-ranging, having a nexus only in alleged discrimination founded upon sexual classification. *Cf., e.g.*, Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); Koehler v. Ogilvie, 53 F.R.D. 98 N.D.Ill.1971), aff'd, 405 U.S. 906, 92 S.Ct. 938, 30 L.Ed.2d 777 (1972). It is possible that the state court's rulings, if they do not render a federal constitutional decision entirely unnecessary, may significantly narrow or otherwise modify the issues to be presented to this

court. For these reasons, as well as others, we deem it appropriate to have the parties replead their claims, if any, after they have repaired to the state courts. Therefore, we conclude that the sounder choice is to dismiss the suit without prejudice.