Chesley A. STEELE, Plaintiff, Appellant,

v.

Rita M. HALEY et al., Defendants,
Appellees.

No. 71-1241.

United States Court of Appeals,
First Circuit.

Heard Nov. 2, 1971.

Decided Dec. 1, 1971.

Robert F. Sylvia, Boston, Mass., with whom Robert L. Caporale and Fine & Ambrogne, Boston, Mass., were on the brief, for appellant.

Robert P. Sullivan, Lowell, Mass., with whom John L. Connell, Jr., Lowell, Mass., was on the brief, for appellees.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Plaintiff Chesley A. Steele brought this action under 42 U.S.C. § 1983 and § 1985, with jurisdiction based on 28 U.S. C. § 1343, to challenge as violative of procedural due process the action of the Westford, Massachusetts, School Committee in dismissing him from the non-tenured positions of football coach, athletic director, and head of the department of physical education at Westford Academy, a public high school.* He *now appeals the district court's dismissal for failure to exhaust arbitral remedies.*

Steele was dismissed on January 12, 1970, without a public hearing or an opportunity to respond to charges against him. On January 15, 1970, the Committee sent Steele a letter indicating the reasons for the dismissal. When Steele sought to invoke arbitration under the collective bargaining agreement between the Westford Teachers Association and the Westford School Committee, the Committee brought suit in Massachusetts Superior Court to restrain arbitration on the ground that the agreement

---

* The dismissal did not affect his status as a tenured physical education teacher.

**1106**

did not cover the positions from which Steele was dismissed. That court ordered arbitration, and the arbitrator awarded reinstatement and reimbursement for lost salary, holding that the Committee had not followed the procedures mandated by the collective bargaining agreement. The Committee's challenge to that award is now before the Massachusetts Superior Court.

We do not reach the merits of either Steele's constitutional claim or the defendants' assertion that, having initiated arbitration, Steele must await the completion of state court challenges to the arbitrator's award before bringing suit under § 1983. For the reasons discussed below, we conclude that this is a proper case for abstention.

Steele's federal claim is in a curious posture. Having prevailed thus far under the collective bargaining agreement, he would nevertheless have the federal courts grant substantially the same relief on constitutional grounds to protect him against the possibility that the arbitrator's award may be vacated by the state court. His fear derives from the opinion of the Massachusetts Supreme Judicial Court in DeCanio v. School Committee of Boston, 1970 Mass.Adv.Sh. 1223, 260 N.E.2d 676, appeal dismissed, Fenton v. School Committee of Boston, 401 U.S. 929, 91 S.Ct. 925, 23 L.Ed.2d 209 (1971). But that case holds merely that a hearing before discharge of a probationary teacher is not mandated by Massachusetts statute, the Massachusetts Constitution, or the United States Constitution. In contrast, the arbitrator's award in the present case was based upon his construction of the collective bargaining agreement. It is by no means clear that the De Canio court will preclude school boards from granting procedural protection to non-tenured teachers by contract. Under Massachusetts law, a school committee "shall * * * contract with the teachers of the public schools. * * *" M.G.L.A. c. 71, § 38. As respects another instrumentality of the Commonwealth of Massachusetts, we noted in County of Middlesex v. Gevyn

Constr. Co., 450 F.2d 53 (1st Cir., filed Oct. 28, 1971) that the power of towns to contract had been held, *sub silentio,* to carry with it the power to provide for dispute settlement by arbitration. M.S. Kelliher Co. v. Wakefield, 346 Mass. 645, 195 N.E.2d 330 (1964). While it is surely an open question, we think that there is a substantial possibility that the arbitrator's award will be upheld.

While we thus abstain from deciding Steele's federal claim under the Fourteenth Amendment, we direct the district court to retain jurisdiction. As the Supreme Court indicated in Zwickler v. Koota, 389 U.S. 241, 244 n. 4, 88 S.Ct. 391, 393, 19 L.Ed.2d 444 (1967), "It is better practice, in a case raising a federal constitutional or statutory claim, to retain jurisdiction, rather than to dismiss. * * * *"

Remanded with directions to retain jurisdiction.