**John DAVIS, Plaintiff,**

v.

**BOARD OF EDUCATION FOR SCHOOL DISTRICT NO. 50, ADAMS COUNTY, WESTMINSTER, COLORADO, Iver C. Ranum, Superintendent, District No. 50 Schools, Defendants.**

**Civ. A. No. C–3128.**

United States District Court,
D. Colorado.

Dec. 15, 1971.

---

Robert L. Ransome and Terance D. Hill, Denver, Colo., for plaintiff.

William Pehr, Westminster, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

The complaint alleges plaintiff was employed as a teacher by School District No. 50 on December 11, 1967, and was placed on a three-year probationary status. At the end of the third year, his contract of employment was not renewed. Plaintiff asserts that the failure to renew his contract was an invasion of his Federal Constitutional rights and by this action, he seeks damages and a mandatory injunction requiring the school district to employ him as a full-time teacher. The action is brought pursuant to the Civil Rights Act, 42 U. S.C. § 1983.

Although there are two basic contentions contained in the complaint, they are combined together to assert one statement of claim.

The first contention is that plaintiff had a right to a renewal of his contract of employment and the refusal of the Board to renew his contract without good cause and without affording the plaintiff a hearing was a violation of his rights to due process under the Fourteenth Amendment to the Federal Constitution. The plaintiff alleges no contractual or statutory basis for his alleged right to a renewal of his contract of employment, but alleges simply that his "right" is derived from the Federal Constitution. This contention standing alone does not state a claim upon which relief can be granted. Jones v. Hopper, 10 Cir., 410 F.2d 1323.

However, since there is only one statement of claim, we consider the foregoing contention not separately, but together with the second contention of plaintiff, which is that the Colorado statutes pertaining to the employment of school teachers and their tenure are unconstitutional, because, as applied to the plaintiff, they deprive plaintiff of his constitutional right to due process and equal protection of the laws in that the statutes distinguish between "tenured" teachers and "nontenured" teachers.

The statutes of the State of Colorado deal at some length with the subject matter of "Teacher Employment, Dismissal, and Tenure."

C.R.S.1963, 1967 Perm.Supp., 123–18–12 provides in pertinent part:

"... any teacher employed as a teacher in the same school district, including the time prior to and after July 1, 1967, continuously and without interruption for three full academic years and who was or shall thereafter be re-employed for the fourth academic year ... shall have tenure as a teacher in such school district, without further action on the part of the board or the teacher."

123–18–16 provides the grounds for the dismissal of a tenured teacher and 123–18–17 provides the procedure to be followed and includes provisions for notice, hearing, review, and other safeguards.

With regard to nontenured teachers, 123–18–10 provides:

"A teacher employed by a school district on a full-time basis who has not acquired tenure shall be deemed to be

re-employed for the succeeding academic year . . . unless the board thereof shall cause written notice to the contrary to be given to said teacher on or before the fifteenth day of April of the academic year during which said teacher is employed."

Paragraph 7 of the complaint acknowledges a compliance by the Board with this provision.

123–18–11 to which the plaintiff refers in Paragraph 13 of the complaint pertains to the dismissal of a teacher *during the term of his contract* and is not applicable here, for the plaintiff was not dismissed during the term of his contract. His contract terminated when the Board terminated his employment pursuant to 123–18–10.

Admittedly, these statutes make a distinction between the treatment of "tenured" and "nontenured" teachers and because of that fact, the plaintiff contends the applicable statutes deprive the plaintiff of due process and equal protection of the laws guaranteed him by the Federal Constitution.

Counsel have advised us of no Colorado case law construing the statutes referred to and we are not aware of any.

The defendants have moved that we abstain from exercising jurisdiction at this time and stay further proceedings to permit the plaintiff to obtain, in the State Court, a construction of the Colorado statutes relating to teacher employment, dismissal, and tenure.

The Colorado Constitution has a Bill of Rights including a due process provision which reads "No person shall be deprived of life, liberty or property, without due process of law." Article II Section 25 Colorado Constitution.

The Supreme Court in Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 789, 25 L. Ed.2d 68, held that a three-judge district court should have "stayed its hand" in determining whether or not an Alaska statute was violative of the Federal Constitution and stated:

"This case is virtually on all fours with City of Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562, where a single district judge in construing a Mississippi statute held that it violated both the Federal and the State Constitutions. The Court of Appeals affirmed and we vacated its judgment and remanded to the District Court with directions to hold the case while the parties repaired to a state tribunal 'for an authoritative declaration of applicable state law.' Id., at 640, 79 S.Ct. 455. We said:

'Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions . . . That is especially desirable where the questions of state law are enmeshed with federal questions . . . Here, the state law problems are delicate ones, the resolution of which is not without substantial difficulty— certainly for a federal court . . . In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily.' "

The foregoing is applicable here. If the matters set forth in the complaint are presented to the State Court, its construction of the statute here involved may make it unnecessary to consider the Federal Constitutional questions raised by the plaintiff.

It is therefore ordered that the defendants' motion to stay the proceedings in this Court to permit the plaintiff to repair to the State Court for a resolution of the State constitutional questions and a construction of the state statutes here involved is hereby granted and further proceedings herein are stayed until the further order of the Court.