Dorothy L. **STADLER**

v.

**COUNTY SCHOOL BOARD OF PRINCE EDWARD COUNTY, VIRGINIA, et al.**

**Civ. A. No. CA 74–0061–R.**

United States District Court, E. D. Virginia, Richmond Division.

Dec. 10, 1974.

James E. Ghee, Richmond, Va., for plaintiff.

J. Robert Brame, III, McGuire, Woods & Battle, Richmond, Va., for defendants.

MEMORANDUM

WARRINER, District Judge.

The parties are before this Court pursuant to defendants' motion to dismiss the complaint, or, in the alternative, to abstain from deciding the case in order to afford the Virginia courts an opportunity to pass on the question of whether defendants complied with the state statute under which plaintiff seeks relief: § 22-217.4 et seq., Code of Virginia 1968.[1] Defendants argue two alterna-

---

1. Va.Code Ann. § 22-217.4. Reemployment of teacher who has not achieved continuing contract status; effect of continuing contract; resignation of teacher; reduction in number of teachers.—If a teacher who has not achieved continuing contract status receives notice of reemployment, he must accept or reject in writing within fifteen days of receipt of such notice. Written notice of nonrenewal of the contract must be given by the school board on or before April fifteenth of each year.

Teachers employed after completing the probationary period shall be entitled to continuing contracts during good behavior and competent service and prior to the age at which they are eligible or required to retire except as hereinafter provided. Written notice of noncontinuation of the contract by either party must be given by April fifteenth of each year; otherwise the contract continues in effect for the ensuing year in conformity with local salary stipulations including increments.

A teacher may resign after April fifteenth of any school year with the approval of the local school board. The teacher shall request release from contract at least two weeks in advance of intended date of resignation. Such request shall be in writing and shall set forth the cause of resignation.

In the event that the board declines to grant the request for release on the grounds of insufficient or unjustifiable cause, and the teacher breaches such contract, the certifi-

cate of said teacher may be revoked under rules and regulations prescribed by the State Board of Education.

As soon after April fifteenth, as the school budget shall have been approved by the appropriating body, the school board shall furnish each teacher a statement confirming continuation of employment, setting forth assignment and salary.

Nothing in the continuing contract shall be construed to authorize the school board to contract for any financial obligation beyond the period for which funds have been made available with which to meet such obligation.

A board may reduce the number of teachers, whether or not such teachers have reached continuing contract status, because of decrease in enrollment or abolition of particular subjects. (1968, c. 691)

§ 22-217.5 Dismissal of teacher or placing on probation; grounds—Teachers may be dismissed or placed on probation for the following reasons: Incompetency, immorality, noncompliance with·school laws and regulations, disability as shown by competent medical evidence, or for other good and just cause. (1968, c. 691)

§ 22-217.6. Same; notice to teacher.—Written notice setting forth the reasons for dismissal or placing on probation and a statement that the teacher may request a hearing before the school board within fifteen days after receiving the notice must be sent to the teacher. A personal interview with the teacher stating the reason for dismissal or

tive grounds in support of their motion: first, that plaintiff has failed to show the existence of a substantial federal question; and second, that plaintiff has shown facts which mandate the application of the federal abstention doctrine. Plaintiff, contrawise, argues that a substantial federal question has been alleged that warrants the exercise of federal jurisdiction. Specifically, whether the School Board violated the due process clause of the Fourteenth Amendment of the Constitution in the manner in which it terminated plaintiff, a "continuing contract" teacher. Additionally, plaintiff contends that the facts in this case do not require application of the federal abstention doctrines.

Viewing the pleadings in the light most favorable to plaintiff, the Court finds that the plaintiff was continually employed as a teacher in Prince Edward County, Virginia, from September 1964 until 9 October 1973. The central facts out of which this dispute arose began on the latter date when plaintiff, upon reporting to work, was informed through a letter from defendant Anderson that her employment with the County School Board of Prince Edward County had been terminated. The letter of dismissal contained the following language:

> This written notice as required by the Code of Virginia, Section 22–217.6, is to inform you that the reason for your dismissal is for the best interests of the school and the pupils therein. (Plaintiff's Exhibit C)

On that same date plaintiff wrote to the defendants requesting both a statement of the reasons for her dismissal as required in § 22–217.6, Code of Virginia 1968 and a hearing before the School Board pursuant to that statute. (Plaintiff's Exhibit D)

Defendant Anderson, in a reply of 15 October 1973, repeated the language of the original dismissal letter of 9 October stating "that the dismissal is for the best interest of the school and the pupils therein." (Plaintiff's Exhibit E) Three days later, on 18 October 1973, plaintiff was informed that the hearing before the School Board she had requested would be held on 5 November 1973. (Plaintiff's Exhibit F) It was at this hearing that plaintiff alleges she was first informed of the four reasons for her dismissal, viz: 1) insubordination; 2) her refusal to speak to the Superintendent of Schools on the telephone; 3) her refusal to discuss her classroom conduct with the Superintendent of Schools; and 4) the use of the and vulgar language by Miss Stadler to students in the classroom. (Plaintiff's Exhibit G)

Upon receiving a copy of the transcript of the hearing on 5 November 1973 plaintiff again requested a hearing (Plaintiff's Exhibit H) of the County School Board on the reasons for her dismissal as set forth in the transcript of the hearing. This request was subsequently denied (Plaintiff's Exhibit I), upon the opinion of the Attorney General that the provisions of § 22–217.6, Code of Virginia 1950 had been satisfied.

Upon these facts plaintiff claims that she was dismissed without proper cause or reason and that she was denied a hearing on the specified reasons before the School Board as required by § 22.–217.7. More specifically, the essence of plaintiff's complaint is that the notice and hearing requirements embodied in

placing on probation may be employed in lieu of such written notice. (1968, c. 691)

§ 22–217.7. Same; hearing.—The hearing before the school board, which shall be private unless the teacher requests a public one, must be set within thirty days of the request, and the teacher must be given at least fifteen days' written notice of the time and place. At the hearing the teacher may appear with or without counsel and be heard, presenting testimony of witnesses and other evidence. (1968, c. 691)

§ 22–217.8. Same; decision of school board. —The school board shall give the teacher its written decision within five days after the hearing, together with a copy of the transcript of the proceedings, which shall be furnished without cost. A majority vote of the school board is necessary for dismissal. (1968, c. 691)

§§ 22–217.6, 22–217.7 of the Code were not followed and, as a result, the plaintiff has been denied her "due process of law and equal protection of the laws as secured by Amendment Fourteen of the Constitution of the United States." (Plaintiff's Amended Complaint 15)

For reasons which follow, this Court must grant defendants' motion to abstain in this case in order to afford the Virginia courts opportunity to pass on the issue of whether defendants complied with the state statute under which plaintiff now seeks relief.[2]

Plaintiff contends that the facts in this case do not mandate application of the federal abstention doctrines. In support of this contention plaintiff, while recognizing the situations wherein the abstention doctrines have been applied, argues that the present suit is not within the bounds of any of those situations. Defendants on the other hand, argue that the facts clearly fall within the abstention doctrine requiring federal abstention where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain state law.

■ Different situations dictate the application of one or more of the various recognized abstention doctrines: 1) to avoid decision of a federal constitutional question where the case may be disposed of on questions of state law; 2) to avoid needless conflict with the administration by the state of its own affairs; and, 3) to leave to the states the resolution of unsettled questions of state law. Lake Carriers' Association v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972), City of Meridian v. Southern Bell Telephone and Telegraph Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959), Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). See generally Wright, Federal Courts, § 52 (2d ed. 1970).

■ Defendants contend that the instant case falls within the first situation requiring application of the abstention doctrine. They argue that this is a case where state action is being challenged in federal court as contrary to the federal constitution, and that there are questions of state law that may be dispositive of the case.

The central issue on the pleading is whether the "cause", "notice" and "hearing" provisions of §§ 22–217.5, 22–217.6 were satisfied by the several communications between plaintiff and defendants. Plaintiff contends that these provisions were not satisfied: "Plaintiff was wrongfully dismissed without proper cause and for reasons other than those permitted by Section 22–217.5 of the Code of Virginia, 1950, as amended." (Plaintiff's amended complaint, p. 6) Implicit in this allegation is the recognition that proper reasons are defined in the statute.

If plaintiff's claim that the provisions of the Virginia statute were not satisfied has merit, then, any decision in the Virginia courts in favor of the plaintiff would necessarily be dispositive of her major claim of lack of due process, thus rendering a constitutional decision unnecessary. This Court notes with interest that, to date § 22–217.1 et seq. has not been interpreted authoritatively by the Virginia Courts. It is not inconceivable, then, that plaintiff might obtain a favorable ruling in the state court to the effect that the pertinent statutory provisions were not satisfied by the communications undertaken by the defendants.

---

2. The Court takes note that plaintiff in her response to defendants' motion to dismiss or abstain has attempted to substantially alter her cause of action. In the amended complaint plaintiff claims relief based upon defendants' failure to comply with the statute. Later, in her response to defendants' motion to dismiss or abstain plaintiff represents that she "has not called upon this court to determine what the statute requires, or whether the defendants have complied with the statute." (Plaintiff's memorandum in opposition to defendants' motion 6.)

The possibility of such an adjudication would, under most circumstances, take care of plaintiff's claim and render any constitutional decision unnecessary. It appears to this Court that we would be placing the cart before the horse if we were to grant jurisdiction on a federal constitutional claim that is inextricably intertwined with the operation of the state statute in question and may be resolved in state court proceedings.

Because this Court now holds that the instant facts fall within the first recognized situation requiring application of the abstention doctrine there is no need for the Court to examine the remaining situations.

The Supreme Court has recognized the application of the abstention doctrine as it relates to the due process rights of tenured and non-tenured teachers with respect to the circumstances surrounding their dismissal or nonrenewal. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L. Ed.2d 548 (1972) and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L. Ed.2d 570 (1972). In a concurring opinion in both cases Mr. Chief Justice Burger emphasized: "The point is that the relationship between a state institution and one of its teachers is essentially a matter of state concern and state law. . . ."

> Because the availability of the Fourteenth Amendment right to a prior administrative hearing turns in each case on a question of state law, the issue of abstention will arise in future cases contesting whether a particular teacher is entitled to a hearing prior to nonrenewal of his contract. If relevant state contract law is unclear, a federal court should, in my view, abstain from deciding whether he is constitutionally entitled to a prior hearing, and the teacher should be left to resort to state courts on the questions arising under state law. *Sindermann,* at 603–604, 92 S.Ct. at 2717.

The facts presently before this Court clearly present the central point which

Mr. Chief Justice Burger italicized in his opinion of *Roth* and *Sindermann.*

Accordingly, and for the reasons stated, this Court must grant defendants' motion to abstain.

An appropriate order shall issue.