**Henry F. GOFF, Plaintiff,**

v.

**Dr. Paul H. JONES et al., Defendants.**

**Civ. A. No. 77–0021(D).**

United States District Court,
W. D. Virginia,
Danville Division.

May 20, 1977.

---

Grady L. Monday, Monday & Monday, Martinsville, Va., for plaintiff.

William Roscoe Reynolds, Jackson L. Kiser, Young, Kiser, Haskins, Mann & Gregory, Ltd., Martinsville, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff, Henry Goff, brought this action pursuant to Title 42 U.S.C. § 1983, naming members of the Henry County School Board and various other school system personnel and administrators as defendants, claiming that his dismissal as a school teacher for the Henry County public schools contravened the Fourteenth Amendment of the United States Constitution. The plain-tiff maintains that his nonrenewal violated the Equal Protection and Due Process clauses of the Fourteenth Amendment. He asserts that he was entitled to renewal of his contract unless notified in writing by the school board by the 15th of April of 1976[1] which he maintains is required by Va.Code Ann. § 22–217.4 and that he was not advised in writing of his right to request a hearing before the board before being placed on probation or nonrenewal of contract until June of 1976, which he contends was required by Va.Code Ann. § 22–217.6.

Defendants maintain that the Virginia statute upon which the plaintiff relies applies only to tenured teachers and, therefore, has no application to plaintiff, a nontenured teacher. This matter is now before the court on defendants' motion for abstention for a determination by the Virginia Supreme Court as to the rights created by the statutes.

According to the plaintiff's complaint, he was employed in August of 1974 through June of 1976 as a nontenured school teacher for the Henry County School System. On March 8, 1976 he received a copy of a letter from his principal recommending that he be placed on probation together with a letter from the division superintendent placing him on probation and notifying him that he would be evaluated for the succeeding five weeks and would be advised of his employment before April 15, 1976.

Plaintiff was advised by his principal orally that he was off probation but, subsequently, received a report in which the recommendation of probation was made. On April 13th he was informed that once placed on probation the school policy dictated that he retain that status until the end of the school year. He later received a letter dated April 13, 1976 informing him that it was not the school board's intention to offer a contract for the next school year, although his status would be reviewed. On

---

1. Although he has pleaded the receipt of notice in a letter dated April 13, 1976, he did not plead when he received the letter.

June 10, 1976, the last day of school, the plaintiff received a final recommendation that he not be rehired.

On June 28th the plaintiff received a letter advising him that the school board would not renew his contract, and giving him notice of his right to request a hearing with the board within 15 days. Pursuant to plaintiff's request, a hearing was held on July 22, 1976, with the only evidence presented being in his behalf. On July 23rd he was informed by a letter from the division superintendent that the board had decided not to rehire him.

A tenured public employee or a public employee who has a contractual status has a "property interest" under the Fourteenth Amendment of the United States Constitution, and his employment cannot be terminated except in conformity with procedural due process. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). However, the absence of tenure or an express contract does not foreclose the possibility that a "property interest" exists which is protected by the Fourteenth Amendment. *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). There may exist "rules and understandings, promulgated and fostered by state officials, that may justify . . . [a] legitimate claim of entitlement to continue employment absent 'sufficient cause'." *Perry v. Sindermann, supra,* at 602–603, 92 S.Ct. at 2700. For example, "continuous employment over a sufficient period of time . . . can amount to the equivalent of tenure." *Johnson v. Fraley,* 470 F.2d 179 (4th Cir. 1972).

"Liberty interests" also attach to public employment and such interests can only be interfered with in a manner which comports with due process of law. *Board of Regents v. Roth, supra; McNeill v. Butz,* 480 F.2d 314 (4th Cir. 1973).

"To sufficiently state a constitutional claim of denial of 'liberty', a nontenured teacher whose contract has not been renewed must plead either that his 'good name, reputation, honor or integrity' has been damaged by, in addition to the non-renewal, the assignment of reasons for the nonrenewal, or he must plead that the State has imposed on him some 'stigma' or 'other disability', in addition to the nonrenewal, which foreclosed his freedom to take advantage of other employment opportunities".

*Kota v. Little,* 473 F.2d 1 (4th Cir. 1973). However, the mere giving of factually incorrect reasons does not in itself interfere with a liberty interest. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). "The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." Id. at 349, 96 S.Ct. at 2880.

Although the requirements of procedural due process may vary according to the circumstances of the case, it is clear that they "apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property". *Roth v. Board of Regents, supra,* 408 U.S. at 569, 92 S.Ct. at 2705; *Kota v. Little, supra,* at 3. In most instances, in which Fourteenth Amendment interests are implicated due process requires that notice be given and a hearing be held at which the employee can confront and cross-examine adverse witnesses. *McNeill v. Butz, supra.*

In the present case, the plaintiff is claiming property interest by virtue of Va.Code Ann. § 22–217.4 which provides that untenured teachers are to receive notice of nonrenewal of their contracts on or before April 15 of each year. Plaintiff maintains that this creates a property interest which can only be terminated in accordance with that provision.

"Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."

*Board of Regents v. Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709.

If the plaintiff has no protected interests, failure to follow Virginia procedure is a matter for Virginia to resolve. *See Beauchamp v. Davis*, 550 F.2d 959 (4th Cir. 1977). However, if plaintiff has a property interest then the alleged procedural shortcomings may take on constitutional dimensions. The Virginia Supreme Court has expressed no opinion as to the property interest created by virtue of Va.Code Ann. § 22–217.4, and its contours are unclear.

In this context of ambiguity, when the existence of a state created right is questionable, the abstention doctrine comes into play:

> Because the availability of the Fourteenth Amendment right to a prior administrative hearing turns in each case on a question of state law, the issue of abstention will arise in . . . cases contesting whether a particular teacher is entitled to a hearing prior to renewal of his contract. If relevant state contract law is unclear, a federal court should . . . abstain from deciding whether he is constitutionally entitled to a prior hearing, and the teacher should be left to resort to the state courts on the question arising under state law.

*Perry v. Sindermann, supra,* 408 U.S. at 604, 92 S.Ct. at 2717 (Burger, C. J., concurring).

Because Virginia law does not define the nature of the plaintiff's property interests, this court will abstain. An action brought pursuant to Title 42 U.S.C. § 1983 is a tort. Therefore, to find that the defendants acted tortuously and in a way which deprived the plaintiff of due process of law in terminating an alleged property right, would be grossly unfair to the defendants if plaintiff had no property interests to which due process could attach.

Likewise, to make such a finding would be contrary to the principle of abstention. In *Stadler v. County School Board of Prince Edward County*, 387 F.Supp. 997 (E.D.Va. 1974), an action which was brought pursuant to Title 42 U.S.C. § 1983, the district court recognized the unclear nature of Va. Code Ann. § 22–217.1 *et seq.* and abstained.

This court believes the result reached in that decision was correct. Consequently, because this case involves the determination of uncertain property rights this court will abstain, and the case will be dismissed and stricken from the docket.

Accordingly defendants' motion is granted.