**Ruel A. GALBREATH, Plaintiff,**

**v.**

**The BROWARD COUNTY CLASSROOM TEACHERS ASSOCIATION, INC. and the School Board of Broward County, Florida, Defendants.**

**No. 81–6403–Civ–JCP.**

United States District Court,
S. D. Florida.

April 20, 1982.

Harold D. Smith, Hollywood, Fla., for plaintiff.

Mark F. Kelly, Tampa, Fla., Gordon Dean Rogers, Miami, Fla., for defendants.

### ORDER GRANTING DEFENDANTS' MOTIONS TO ABSTAIN AND DISMISSING THIS CAUSE WITHOUT PREJUDICE

PAINE, District Judge.

This cause came before the Court on defendant, Broward County Classroom Teachers Association's (hereinafter referred to as the "CTA") motion to dismiss for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted or, in the alternative, for this Court to stay this proceeding pending the outcome of plaintiff's appeal pending in the Fourth District Court of Appeal, filed

on October 27, 1981 (docket number 14) and defendant, Broward County School Board's (hereinafter referred to as the "School Board") motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted, or, in the alternative, a motion for summary judgment, filed on October 26, 1981 (docket number 16). Plaintiff, Galbreath, responded to defendant's motions on November 18, 1981 (docket number 24). The Court has considered all supporting memoranda submitted by all parties with respect to these motions.

A brief statement regarding the history of this case is imperative to a complete understanding of its present posture. Plaintiff is a teacher employed by the School Board. At all times material to this claim, plaintiff was also a non-dues paying member of the CTA. Teachers who are both employed by the School Board and members of the CTA, whether dues-paying or non-dues paying, are subject to the terms of the Collective Bargaining Agreement (hereinafter referred to as the "CBA"). The CBA is an agreement entered into and executed by both the School Board and the CTA. The terms of the CBA are binding upon all parties to this action.

On June 3, 1980, Plaintiff, believing himself to be entitled to past overtime wages, filed a formal grievance with the School Board pursuant to Article III of the CBA. Article III provides for a three step grievance procedure, the last step, formally referred to as "Step III", being submission of a complainant's claim to arbitration. Plaintiff requested permission to have his own counsel press his claim; however, such permission was denied as being repugnant to the CBA. Presumably, only the CTA was permitted to represent claimant's grievances under Article III of the CBA.

Reserving his objection thereto, plaintiff permitted the CTA to represent him in Steps I and II of the grievance procedure. Upon completion of Step II the CTA notified plaintiff that it had decided not to pursue his claim to arbitration, Step III, because in its opinion, "the case lacked mer-

it". Thereafter plaintiff, through his own counsel, demanded that his case be set for arbitration, Step III, by certified letter to the School Board on October 24, 1980. On November 18, 1980, the School Board advised plaintiff that, based upon the CTA's decision not to pursue plaintiff's claim to arbitration, the School Board likewise was denying him access to arbitration. The School Board asserted that its right to decline to process plaintiff's grievance to arbitration was provided for in the CBA, wherein it is stated that the exclusive bargaining unit representative, the CTA, is the only entity entitled to pursue a claim to Step III arbitration. Further, the School Board noted that the Public Employees Relations Commission of Florida (hereinafter referred to as "PERC") had specifically upheld the right of the School Board to decline to process a grievance to arbitration that had been rejected by the exclusive bargaining agent or representative.

Thereafter, on March 12, 1981, plaintiff filed an unfair labor practice charge against both the School Board and the CTA with PERC. On June 26, 1981, PERC summarily dismissed plaintiff's claims (see Orders 81–U–129 & 81–U–240). Plaintiff then filed his notice of appeal of the PERC orders in the Fourth District Court of Appeal pursuant to Sections 447.504 and 120.68 of the Florida Statutes which provide that the exclusive method for review of determinations made by PERC is through appellate review by the appropriate District Court of Appeal. This appeal is presently pending in the Fourth District Court of Appeal.

Plaintiff thereafter filed the present action in Federal Court seeking, among other things, declaratory relief, a mandatory injunction, compensatory and punitive damages. He alleges jurisdiction is properly invoked pursuant to 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. §§ 1331 and 1343. He further alleges that this Court has pendent jurisdiction to consider the constitutionality of § 447.401, F.S.; to consider allegations that the CTA breached its duty of fair representation; to consider whether the applicable grievance procedure is void and in-

effective on the basis that it violates federal labor law and certain sections of the Federal and State Constitutions and statutes; and to consider whether the CTA and the School Board committed unfair labor practices. It appears from the pleadings and memoranda presently filed with this Court that all of the above claims, excepting possibly the federal constitutional claims, were pressed by plaintiff in his PERC action and are now properly preserved in his appeal presently pending in the Fourth District Court of Appeal. Defendants argue that this is a proper case for abstention. For the following reasons, this Court is inclined to agree.

Plaintiff has presented his claim in this cause in the posture of an action under Title 42, U.S.C. §§ 1983 and 1985. Very basically, he alleges that certain joint actions of the School Board and the CTA violated the provisions of the above Acts and denied him rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. In essence, however, plaintiff's federal claims appear to arise out of what he deems an improper interpretation of § 447.401, F.S., by the PERC Commission. He alleges that § 447.501, F.S., along with PERC's interpretation of the same, effectively denies him property rights and deprives him of a fair hearing before an impartial tribunal, both in violation of his right to due process of the laws. Further, plaintiff argues that § 447.401, F.S., along with PERC's interpretation of the same, denies him equal protection of the laws. He reasons that prior to the enactment of § 447.401, F.S., both dues paying and non-dues paying members of the CTA were entitled to fair representation. That the enactment of § 447.401, F.S., as well as PERC's interpretation of its meaning, has effectively removed CTA's duty of fair representation with regard to non-dues paying members. Thus, plaintiff asserts he is denied equal protection of the laws in that he is denied a right to a duty of fair representation that is afforded those similarly situated; i.e., dues paying members of Florida's public sector unions and non-dues paying members of unions in Florida's private sector.

In view of these alleged infringements upon plaintiff's rights, plaintiff seeks from this court, among other things, the following relief: a determination that PERC erroneously dismissed his unfair labor practices claims against the School Board and the CTA; a declaration that § 447.401, F.S., is unconstitutional as a violation of Article I, § 6 of the Florida Constitution, as well as other provisions of the United States and Florida Constitutions; a determination that the CBA currently in effect between the School Board and the CTA violates Florida statutory law and the Florida Constitution because, under its provisions, the CTA retains unfettered control to determine which grievances will be submitted to binding arbitration; and an order either mandating that the defendants permit plaintiff to individually utilize the contractual grievance procedure through his own counsel, notwithstanding the contractual rights of the defendants, or awarding plaintiff his past unauthorized overtime compensation and other additional damages.

As so aptly stated by Judge Anderson in *Connecticut State Federation of Teachers v. Board of Education Members*, 538 F.2d 471 (2nd Cir. 1976), a case very similar to this one:

> "This case presents the all-too-familiar situation in which a dispute, commonplace in the private sector, becomes constitutional litigation by virtue of the fact that public employers (the school boards) are involved, rather than private entities, and the plaintiffs are, therefore, able to turn a problem of labor relations into a constitutional issue." *Id.* at 478.

Here, as in *Connecticut State Federation of Teachers*, plaintiff has raised several federal constitutional issues which he wishes this Court to resolve. However, because this Court is of the opinion that the issues raised here by plaintiff concern particularly sensitive areas of state regulation, are particularly appropriate matters for state-court determination, and concern the Florida Public Employees Relations Act which embodies a

careful and detailed expression of public policy of the State of Florida concerning the economic relationship between the teaching profession and the school boards and is, therefore, an Act whose provisions are best interpreted by Florida courts and because this Court believes that the state law claims here pressed by plaintiff are properly and adequately preserved in his state court appeal presently pending before the Fourth District Court of Appeal and are therefore susceptible to resolution so as to render unnecessary a decision on the federal constitutional questions here raised, this Court will not at present decide plaintiff's constitutional claims on their merits. This is an appropriate case for abstention. Cf. *Connecticut State Federation of Teachers v. Board of Education,* supra; *Steele v. Haley,* 451 F.2d 1105 (1st Cir. 1971); *Orr v. Thorpe,* 427 F.2d 1129 (5th Cir. 1970); *Holman v. Board of Education of City of Flint,* 388 F.Supp. 792 (E.D.Mich.1975); *Stadler v. County School Board of Prince Edward County, Virginia,* 387 F.Supp. 997 (E.D.Vir. 1974); *Davis v. Board of Education for School District No. 50, Adams County, Westminster, Colorado,* 335 F.Supp. 73 (D.Colo.1971); *Railroad Commission of Texas v. Pullman Company,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); and *Burford v. Sun Oil Company,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

■ Abstention is appropriate where a state law is involved which is susceptible to an interpretation that would modify or avoid the federal issue, and resolution of the federal issue depends upon the interpretation to be given state law and the issue of state law is uncertain or unclear. See *Connecticut State Federation of Teachers,* at 483–84 and the cases cited therein. Here, these requirements are satisfied. Essentially, plaintiff challenges PERC's interpretation and application of the following language contained in § 447.401, F.S.:

"... All public employees shall have the right to a fair and equitable grievance procedure, administered without regard to membership or non-membership in any organization, except that certified employee organizations shall not be required

to process grievances for employees who are not members of the organizations..."

This Court is not aware of, nor has it been informed of, any Florida State Court decision which has specifically construed or interpreted this provision of § 447.401, F.S. Thus, it has not been interpreted by Florida courts in a manner which makes its intent and meaning clear and certain. It is quite possible that the Fourth District Court of Appeal, in rendering its decision in plaintiff's presently pending appeal, could interpret the above provision of § 447.401, F.S. as meaning that although the certified employee organization (the CTA in this case) cannot be required to "process" grievances for non-member employees, it must "submit" such grievances to Step III arbitration upon the request of a non-member claimant and permit such claimant to individually process his grievance with the aid of his own legal counsel. It is also possible that the court could find a distinction between non-members and non-dues paying members. This interpretation would place plaintiff and other non-dues paying members on equal footing with dues paying members by removing non-dues paying members from the ambit of the exception contained in § 447.401, F.S. regarding non-members. Such a reading of § 447.401, F.S. would place an affirmative duty on the CTA to process grievances of dues paying and non-dues paying members similarly and with equal vigilance. Clearly, either of the above interpretations of the meaning of § 447.401, F.S. by the Fourth District Court of Appeal would render the decision of the federal constitutional questions here posed unnecessary.

■ Another possibility is that the Court could interpret the Florida Public Employees Relations Act (Chapter 447, Florida Statutes) in its entirety and conclude that the provision in the CBA which provides that the CTA shall have the exclusive right to determine which claims are to be submitted to Step III arbitration violates the mandates of the Act. (Cf. *Railroad Commission of Texas v. Pullman Company,* 312

U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). In that instance an amendment to the CBA would, in all probability, be ordered as relief on the grounds that the School Board and the CTA acted outside their authority (under state law) by including the challenged provision in the CBA. Here again, a decision that these state agencies acted outside their statutorily granted authority would obviate the need for resolution of the constitutional issues here raised by plaintiff. Where plaintiffs have available a state law claim which is separate and distinct from the federal constitutional claim, but which, if resolved in their favor, would make it wholly unnecessary to consider the Constitutional issues, abstention is appropriate. See *Pullman*, supra; *Reetz v. Bozanich*, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); *Askew v. Hargrave*, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971); and *Reid v. Board of Education of City of New York*, 453 F.2d 238 (2nd Cir. 1971). Finally, it is also possible that the Florida Appellate Court could determine that § 447.401, F.S., is repugnant to the Florida Constitution. Such a decision would, again, obviate the necessity of having this Court resolve plaintiff's federal constitutional claims.

In the present case it is not inconceivable that plaintiff might obtain a favorable ruling in the Fourth District Court of Appeal. The possibility of such an adjudication would, under most circumstances, take care of plaintiff's claim and render a decision by this Court on the constitutional questions here raised unnecessary. This Court believes that it would be placing the cart before the horse if it were to grant jurisdiction on plaintiff's federal constitutional claims that are so inextricably intertwined with the operation of the state statute in question and may be resolved in the state court proceeding now pending. As discussed above, plaintiff's claim involves an "unclear" issue of state law which is susceptible to resolution so as to render unnecessary a decision on the federal constitutional issues here raised. The state substantive law issues involved in this case are particularly appropriate matters for state-court determination. Educational matters can be particularly sensitive areas of state regulation. The Florida Public Employees Relations Act embodies a careful and detailed expression of the public policy of the State of Florida regarding the economic relationship between the teaching profession and the local School Boards. Its provisions are best interpreted by Florida courts. Accordingly, this Court believes it should in this instance abstain, stay its hand and not attempt to "forecast" on this potentially important issue of state law. Accord *Connecticut State Federation of Teachers*, supra; *Homan v. Board of Education of the City of Flint*, supra; *Davis v. Board of Education*, supra; *Stadler v. County School Board*, supra; and *Steele v. Haley*, supra.

It is therefore

ORDERED and ADJUDGED that this case be dismissed without prejudice to plaintiff's state court claim presently pending in Florida's Fourth District Court of Appeal.